The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>    Plaintiff,<br><br>v.<br><br>CAPITAL ONE SERVICES, LLC,<br><br>    Defendant. | Case No. 3:25-cv-05175-DGE<br><br>**DEFENDANT CAPITAL ONE, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**NOTE ON MOTION CALENDAR:**<br>**May 8, 2025** |

Defendant Capital One, N.A., erroneously named as "Capital One Services, LLC," (hereinafter, "Capital One") hereby submits this Motion to Dismiss ("Motion") the Complaint filed by plaintiff Frederick O. Silver ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6).

## I. INTRODUCTION

The instant action is Plaintiff's fourth attempt to litigate claims involving a Capital One credit card account opened in 2012. In the current Complaint, like those Plaintiff filed in the United States District Courts of Utah and Minnesota – each of which have been dismissed – Plaintiff alleges that Capital One violated the federal Fair Credit Reporting Act, codified at 15 U.S.C. §§ 1681 *et seq*. ("FCRA") in connection with the subject account. A prior action filed in the United States District Court in Virginia purported to allege a claim for fair debt collection violations on the Capital One account (that action was dismissed as well).

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT - 1

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

In order to plead a claim for violation of the FCRA, Plaintiff must allege (1) that Capital One furnished inaccurate information to a consumer reporting agency (or "CRA"), (2) that Plaintiff submitted a dispute regarding the inaccurate information to a CRA, (3) that, in turn, the CRA contacted Capital One regarding the dispute, and (4) that Capital One failed to conduct a reasonable investigation in response to that dispute.

Here, Plaintiff's Complaint fails to allege the required elements. Indeed, there are no allegations at all regarding the initiation of a dispute to the CRAs, notification to Capital One, or a failure by Capital One to reasonably investigate.

As a result, and given that this is Plaintiff's fourth action filed in connection with the account, Capital One respectfully requests that the Complaint be dismissed with prejudice and without further leave to amend.

## II. SUMMARY OF FACTUAL AND PROCEDURAL HISTORY[1]

By his Complaint, Plaintiff alleges that Capital One is a furnisher of credit information for purposes of the FCRA. Compl., ¶ 2. Plaintiff alleges that he is a consumer for purposes of the FCRA and a resident of Pierce County, Washington. Compl., ¶ 1.

Plaintiff alleges that he has "been denied credit serval [sic] times." Compl., ¶ 8. He further alleges that he opened a credit monitoring account through Equifax, Experian and TransUnion, which showed a Capital One account beginning with the numbers 51780593 that was "written off and/or open accounts, Collection / Charge-Off with Defendants." Compl., ¶ 8. While the body of the Complaint alleges that the Account was said to have been opened "around 07/18/2019," Exhibit A to the Complaint reflects the Account was opened on July 18, 2012, and that the last payment was in 2019. Compl., Ex. A. Plaintiff contends that he "sent a full payment on the account to defendants or about Nov of 2019 and the payment was never updated on the account." Compl., ¶ 10.

---

[1] Capital One accepts the allegations in the Complaint as true for the purposes of this motion only.

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT - 2

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

1    The Complaint is silent as to whether Plaintiff initiated any dispute of the Account
2    through either a CRA, or directly through Capital One.

3    Plaintiff claims that, as a result of the alleged inaccurate reporting, he has suffered actual
4    damages and that his "credit score has dropped substantially, thereby causing the Plaintiff to
5    refrain from applying for additional credit." Compl., ¶¶ 12-20. Plaintiff contends that, aside
6    from the Capital One account, he has "an excellent credit history." Compl., ¶ 16.

7    In October 2019, Plaintiff filed an action in the United States District Court, Eastern
8    District of Virginia, Case No. 1:19-cv-01361-TSE-IDD, alleging violations of the Fair Debt
9    Collection Practices Act in connection with a Capital One account opened sometime prior to
10   June 2015. Plaintiff identifies the account number with the last eight numbers (-3825-4866) as
11   opposed to the first six. *See* Case No. 1:19-cv-01361-TSE-IDD, Dkt. No. 1 (Complaint), ¶¶ 13-
12   16.[2] The Court dismissed the action with prejudice *sua sponte* in December 2019. *See Id.*, Dkt.
13   No. 7.

14   On March 1, 2022, Plaintiff filed an action in the United States District Court, District of
15   Utah, Case No. 2:22-cv-00140-CMR, alleging violations of the FCRA in connection with a
16   Capital One account opened July 18, 2012, beginning with account number 517805. *See* Case
17   No. 2:22-cv-00140-CMR, Dkt. No. 5 (Complaint), ¶ 10. There, as in the current action, Plaintiff
18   alleged that he "sent a full payment on the account to defendant and the payment was not
19   updated on the account." *Id.*, ¶ 11. After motion practice, the Court dismissed the action without
20   prejudice upon Plaintiff's request. *See Id.*, Dkt. No. 86 (April 17, 2023 Notice confirming
21   dismissal).

---

[2] The Court "may take judicial notice of pleadings filed in other actions." *Bogart v. Daley*, No. CV 00-101-BR, 2001 WL 34045761, at *2 (D. Or. June 28, 2001) (citing Fed. R. Evid. 201(b)); *see also Burbank–Glendale–Pasadena Airport Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir.) (court taking judicial notice of pleadings filed in a related state court action), *cert. denied*, 525 U.S. 873 (1998). "The existence and content of opinions and pleadings are matters capable of accurate and ready determination by resort to official court files that cannot reasonably be questioned." *Bogart*, 2001 WL 34045761, at *2.

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT - 3

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

On July 22, 2024, Plaintiff filed an action in the United States District Court, District of Minnesota, Case No. 1:24-cv-02889-NEB-ECW, again alleging violations of the FCRA in connection with a Capital One account opened "around 07/18/2012." *See* Case No. 1:24-cv-02889-NEB-ECW, Dkt. No. 1 (Complaint), ¶¶ 7-10. The Court dismissed the action without prejudice on or about November 20, 2024 *sua sponte*, finding in part that Plaintiff had not properly alleged venue and also noting that Plaintiff had been declared a vexatious litigant in the Western District of Texas, as well as in two other actions, including one in the Western District of Washington in 2022 (*Silver v. Dystrup-Chiang*, Case No. 2:20-cv-01339-RAJ). *See Id.*, Dkt. No. 8 (Order re Dismissal).

### III.  LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard requires that Plaintiff "plead[] factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

The Court must accept all well-plead factual allegations as true, and must construe and draw all reasonable inferences from them in favor of the nonmoving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, in spite of the deference the Court is bound to pay to the plaintiff's allegations, it is not proper for the Court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Although a court considering a motion to dismiss must accept all of the factual allegations in the complaint as true, the court is not required to accept as true a legal conclusion presented as a factual allegation." *McCann v. Quality Loan Serv. Corp.*, 729 F. Supp. 2d 1238, 1240 (W.D. Wash. 2010) (citing *Ashcroft*, 556 U.S. at 678; and *Twombly*, 550 U.S. at 556). Indeed, a court is not

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT - 4

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

required to credit conclusory legal allegations cast in the form of factual allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). In other words, a Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

The case law on this standard is well established. *See, e.g.*, *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-97 (9th Cir. 2014) ("Although a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable, plaintiffs must include sufficient factual enhancement to cross the line between possibility and plausibility." (internal quotations and citations omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (describing common principles of pleading derived from *Iqbal* and *Twombly* applying them to civil rights complaint); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 971-72 (9th Cir. 2009) ("The factual content contained within the complaint does not allow us to reasonably infer that the Agents ordered the relocation of Plaintiffs' demonstration because of its anti-Bush message, and it therefore fails to satisfy *Twombly* and *Iqbal*."). "It is not enough for a complaint to plead facts that are merely consistent with a defendant's liability." *McCann*, 729 F. Supp. 2d at 1240 (citing *Iqbal*, 556 U.S. at 678; and *Twombly*, 550 U.S. at 557) (internal quotes omitted). "Rather, a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

Additionally, Plaintiff must fully comply with the Federal Rules of Civil Procedure and the local rules of this Court despite his *pro se* status. *Copeland v. City of Camas*, No. C19-5935-BHS-MLP, 2019 WL 7811332, at *1 (W.D. Wash. Dec. 6, 2019), *report and recommendation adopted*, No. C19-5935 BHS, 2020 WL 488644 (W.D. Wash. Jan. 30, 2020) ("Although Plaintiff's *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT - 5

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

lawyers, he still must meet the requirements of the rules.").

## IV. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE FCRA

The FCRA is a comprehensive statutory structure meant to regulate all aspects of credit reporting. *See generally* 15 U.S.C. § 1681 *et seq*. The FCRA provides a private right of action for consumers for certain (but not all) violations of the statute against credit report users, "furnishers" of information and credit reporting agencies ("CRAs"). *See* 15 U.S.C. §§ 1681 *et seq*. As Plaintiff alleges, Capital One is a "furnisher" of information under the FCRA. Compl., ¶ 2. In that regard, Capital One furnishes credit information to consumer reporting agencies. *See e.g.* 15 U.S.C. § 1681s-2. By his single claim in the Complaint ("Count 1"), Plaintiff alleges that Capital One violation multiple sections of the FCRA. Plaintiff fails to state a claim against Capital One for violations of section 1681s-2(a), because there is no private right of action against a data furnisher. Furthermore, Plaintiff fails to state a claim against Capital One for violation of section 1681s-2(b) because Plaintiff has not alleged that any dispute was communicated to Capital One by the CRAs.

### A. Plaintiff cannot pursue claims under Section 1681s-2(a) because that provision does not authorize a private right of action

The allegations in "Count 1" of Plaintiff's Complaint predominantly reference purported violations of Section 1681s-2(a). Plaintiff cannot state a claim under <u>any</u> of these sections.

Section 1681s-2(a) of the FCRA prohibits furnishers from reporting information "with actual knowledge of errors" or "after notice and confirmation of errors" [15 U.S.C. section 1681s-2(a)(1)(A)-(B)] and creates a duty to correct and update information that it determines is not complete or accurate (*id*. Section 1681s-2(a)(2)(A)-(B)). In the Complaint, Plaintiff alleges that Capital One violated the following subsections 1681s-2(a):  (1) 15 U.S.C. §1681s-2(a)(1)(A) for "[r]eporting information with actual knowledge of errors" [Compl., ¶ 29]; (2) 15 U.S.C. §1681s-2(a)(2)(B) for "[f]ailing to correct and update information" [Compl., ¶ 30]; (3) 15 U.S.C. §1681s- 2(a)(3) for "[f]ailing to provide notice of dispute" [Compl., ¶ 31]; and (4) 15 U.S.C.

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT  - 6

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

§ 1681s-2(a)(8) for "[f]ailing to investigate with respect to disputed information in violation of" [Compl., ¶ 32].

These claims fail as a matter of law, because <u>there is no private right of action for violations of section 1681s-2(a)</u>.  *See* 15 U.S.C. § 1681s-2; *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) ("Congress limited the enforcement of duties imposed by § 1681s-2(a) to governmental bodies."); *Corby v. Am. Exp. Co.*, CV 10-05575 ODW JCX, 2011 WL 4625719 (C.D. Cal. Oct. 5, 2011) ("It is well-settled, however, that there is no private right of action for violations of § 1681s–2(a)"); *Sui v. Southside Towing*, SACV 10-01973 JAK, 2011 WL 2940990 (C.D. Cal. July 18, 2011) ("No private right of action exists to enforce the obligations imposed on furnishers of information under subsection (a)."). Indeed, the FCRA expressly limits a furnisher's civil liability.  15 U.S.C. § 1681s-2(c) ("[S]ections 1681n and 1681o of this title [which provide for private rights of action] do not apply to any violation of…subsection (a) of this section, including any regulations issued thereunder); 15 U.S.C. § 1681s-2(d) (the provisions without a private right of action "shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials identified in section 1681s of this title").

Accordingly, to the extent Plaintiff's Count 1 is based on purported violations of 15 U.S.C. §1681s-2(a) of the FCRA, it fails as a matter of law.

   **B.   <u>The Section 1681s-2(b) claim fails because Plaintiff fails to allege the required elements</u>**

Unlike section 1681s-2(a), section 1681s-2(b) does provide consumers with a private right of action.  *See Nelson*, 282 F.3d at 1060.  Under 15 U.S.C. § 1681s-2(b) of the FCRA ("section 1681s-2"), furnishers "who receive notice that a consumer disputes information on a credit report [are required] to conduct an investigation, report the results of the investigation to the CRA, and, if the information is found to be inaccurate or incomplete, to make appropriate

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT - 7

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

1  corrections." *Giovanni v. Bank of Am., Nat. Ass'n*, No. C 12-02530 LB, 2013 WL 1663335, at *5
2  (N.D. Cal. Apr. 17, 2013). Plaintiff, however, fails to state a claim under this section.

3        To establish an FCRA claim under § 1681s–2(b) against a furnisher of information, such
4  as Capital One, Plaintiff must demonstrate that (1) he found an inaccuracy in his credit report;
5  (2) he notified a CRA of the alleged inaccuracy; (3) the CRA notified the furnisher of the
6  dispute; and (4) the furnisher failed to investigate the dispute. *See King v. PennyMac Loan*
7  *Servs., LLC*, 2024 U.S. Dist. LEXIS 84023, at *5 (E.D. Wash. May 8, 2024, No. 4:24-CV-
8  05002-MKD) (granting motion to dismiss where plaintiff failed to allege that CRA notified
9  furnisher of dispute). A furnisher's duties under Section 1681s-2(b) are only triggered when a
10 person who furnished information to a CRA receives notice from the CRA that the consumer
11 disputes the information. *Gorman v. Wolpoff & Abramson, LLP* (9th Cir. 2009) 584 F.3d 1147,
12 1154.

13       Here, Plaintiff's Count 1 fails to state a claim under Section 1681s-2(b), because there are
14 no allegations that (1) Plaintiff submitted a dispute regarding the allegedly inaccurate
15 information to a CRA, (2) that the CRA, in turn, notified Capital One, and (3) that Capital One
16 failed to conduct a reasonable investigation in response to that dispute. On the contrary, Plaintiff
17 only alleges that Capital One "[w]illfully and negligently fail[ed] to comply with the
18 requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b)."
19 Compl., ¶ 27.

20       Accordingly, Plaintiff has not stated a claim under subsection 2(b).
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT - 8

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

## V. CONCLUSION

As set forth above, Plaintiff's claims arising under the FCRA do not survive the initial pleading threshold under Rule 12(b)(6). Accordingly, Capital One respectfully requests that the Court dismiss the Complaint in its entirety and with prejudice.

DATED this 10th day of April, 2025.

MILLER NASH LLP

*s/ Jesús Miguel Palomares*
Jesús Miguel Palomares, WASB No. 51858
jesus.palomares@millernash.com
605 5th Ave. S., Suite 900
Seattle, WA 98104
Telephone:  503.224.5858 / 206.624.8300
Facsimile:  503.224.0155 / 206.340.9599

Attorneys for Defendant
Capital One, N.A. (erroneously sued as "Capital One Services, LLC")

I certify that this memorandum contains 2,477 words, in compliance with the Local Civil Rules.

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT - 9

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

# DECLARATION OF SERVICE

The undersigned declares that on April 10, 2025, a copy of the foregoing document was electronically filed with the Clerk of the Court via CM/ECF and served on the following party at the address and via the method(s) listed below.

| | |
|---|---|
| Frederick O. Silver<br>21905 Mountain Hwy E<br>Unit 4143<br>Spanaway, WA 98387-7583<br><br>*Plaintiff, Pro Se* | ☒ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered via Legal Messenger<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☒ Email: asclv1@gmail.com<br>☒ E-service via CM/ECF |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED at Arlington, Washington this 10th day of April, 2025.

*s/Edgar Y. Rosales*
Edgar Y. Rosales, Paralegal

4931-4580-7924.1

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT - 10

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599