1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

FREDERICK O. SILVER,

             Plaintiff,

    v.

CAPITOL ONE SERVICES LLC,

             Defendant.

CASE NO. 3:25-cv-05175-DGE

ORDER GRANTING MOTION TO
DISMISS (DKT. NO. 14)

11
12
13
14
15
16

## I      INTRODUCTION

17
18

This is a consumer action brought by Plaintiff against Defendant Capital One Services

LLC, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

19

Plaintiff alleges that he paid the balance of his Capital One account, yet Defendant inaccurately

20

reported it as unpaid, resulting in adverse credit reporting and related harms. (*See* Dkt. No. 5 at

21

3–5.) Plaintiff alleges violations of § 1681s-2(a) and § 1681s-2(b), relying on the civil liability

22

provisions of § 1681o and § 1681n. (*See id.* at 6–8.) Defendant moves to dismiss, arguing that

23

there is no private right of action as to claims under § 1681s-2(a), and Plaintiff has failed to plead

24

the required elements for a claim under § 1681s-2(b).  (*See* Dkt. No. 14 at 6–8.)  The Court agrees with Defendants as to both of those arguments and will therefore GRANT the motion to dismiss.  However, the Court will afford Plaintiff leave to amend to cure the deficiencies with his § 1681s-2(b) claims, if possible.

## II    BACKGROUND

Plaintiff states that "around 07/18/2019" he opened an account with Capital One, account number "51780593****".  (Dkt. No. 5 at 3–4.)  He alleges that he "sent a full payment on the account" to Defendants in November 2019 but "the payment was never updated on the account." (*Id.* at 4.)  Rather, his credit reports showed that the account was "written off" or in "Collection/Charge-off with Defendants."  (*Id.* at 3.)  As a result of this alleged error, Plaintiff states he has faced higher borrowing costs, and has been denied approval for home rentals.  (*Id.* at 4.)  He alleges that Defendant "acted with actual malice in willfully continuing to report inaccurate and misleading information on Plaintiff's credit."  (*Id.*)  He provided a copy of his Experian credit report, dated February 27, 2025, which shows a balance of $10,178 on account "517805XXXXXX".  (*Id.* at 9.)  There is a note under "Status" stating "Account charged off. $10,042 written off. $10,178 past due as of Feb 2025."  (*Id.*)  There is also a statement from the consumer ("Your statement") which reads "LITIGATION PENDING."  (*Id.*)  The report shows that the account was opened on July 18, 2012 and is currently closed.  (*Id.*)

Defendant's motion to dismiss claims that this is "Plaintiff's fourth attempt to litigate claims involving a Capital One credit card account opened in 2012."  (Dkt. No. 14 at 1.)  In October 2019, Plaintiff filed a case in the United States District Court for the Eastern District of Virginia, alleging an FCRA violation for a Capital One account opened prior to June 2015 ending with digits -3825-4866, and that case was dismissed *sua sponte* with prejudice.  (*See id.*

at 3) (citing *Silver v Capital One Financial Corporation*, No. 1:19-cv-01361-TSE-IDD, Dkt.
Nos. 1, 7 (E.D. Va. 2019)).[1]  On March 1, 2022, Plaintiff filed an action in the District of Utah
alleging substantially the same claims regarding an account opened July 18, 2012 beginning with
account number 517805.  (*See id.*) (citing *Silver v. Fairbank et al*, No. 2:22-cv-00140-CMR,
Dkt. No. 5 (D. Utah 2022)).  The court there dismissed the claim at Plaintiff's request without
prejudice.  (*Id.*) (citing *Fairbank,* Dkt. No. 86.)  Finally, on July 22, 2024, Plaintiff filed an
action in the District of Minnesota alleging an FCRA violation related to a Capital One account
opened "around 07/18/2012."  (*Id.* at 4) (citing *Silver v. Capital Bank USA NA*, No. 0:24-cv-
02889-NEB-ECW, Dkt. No. 1 (D. Minn. 2024)).  The Court there dismissed the complaint *sua
sponte* without prejudice, finding improper venue, and also noting that Plaintiff had been
declared a vexatious litigant in other districts, including the Western District of Washington.
(*Id.*) (citing *Capital Bank,* Dkt. No. 8.)[2]

## III    DISCUSSION

### A.  Legal Standard for *Pro Se* Motions to Dismiss

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack
of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal
theory.  *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).  Material
allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston
v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6)
motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

---

[1] Defendant does not argue that *res judicata* from that case or any of the others controls here.

[2] Plaintiff is subject to a vexatious litigant order in this District, entered in *Silver v. Dystrup-
Chiang*, No. 2:20-cv-01339-RAJ.  However, the order there only prevents Plaintiff from filing
additional litigation against the Defendants in that case, so it did not bar Plaintiff from initiating
this action.  (*See Dystrup-Chiang,* Dkt. No. 54.)

1    the grounds of his entitlement to relief requires more than labels and conclusions, and a

2    formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v.*

3    *Twombly*, 550 U.S. 544, 554–555 (2007) (internal citations omitted). "Factual allegations must

4    be enough to raise a right to relief above the speculative level, on the assumption that all the

5    allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must

6    allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

7        Additionally, complaints filed pro se are "to be liberally construed"; "a pro se complaint,

8    however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

9    by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S.

10   97, 106 (1976); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("*Iqbal* incorporated

11   the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of pro se filings;

12   accordingly, we continue to construe pro se filings liberally when evaluating them under

13   *Iqbal*."). "Unless it is absolutely clear that no amendment can cure the defect, [] a pro se litigant

14   is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to

15   dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However,

16   leave to amend is properly denied if amendment would be futile. *See Ventress v. Japan Airlines*,

17   603 F.3d 676, 680 (9th Cir. 2010); *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir.

18   2002).

19       **B.  Analysis**

20           1.  <u>This Court Has Jurisdiction, and Defendant Does Not Contest Venue</u>

21       Though not raised by Defendant, the Court briefly considers if venue and jurisdiction are

22   proper in the Western District of Washington, especially in light of the finding by another court

23   that Plaintiff's nearly identical claim should have been brought in the Western District of Texas,

24

1    where Plaintiff apparently had or has a residence, and where he is subject to a vexatious litigant

2    order.  (*Capital Bank*, No. 0:24-cv-02889-NEB-ECW, Dkt. No. 8 at 1.)  This Court clearly has

3    federal question jurisdiction over the FCRA claim, 28 U.S.C. § 1331.  Defendant was served in

4    Washington via its registered agent (*see* Dkt. No. 17) and does not contest personal jurisdiction.

5         As to venue, Plaintiff alleges that he resides in Spanaway, Washington (within Pierce

6    County), and Defendant conducts business in this District, so venue is proper.  (Dkt. No. 5 at 2–

7    3, 8.)  The federal venue statute, 28 U.S.C. § 1391, states that a civil action may be brought in "a

8    judicial district in which any defendant resides, if all defendants are residents of the State in

9    which the district is located."  28 U.S.C. § 1391(b)(1).  For a corporation, "residency" is defined

10   as "any judicial district in which such defendant is subject to the court's personal jurisdiction

11   with respect to the civil action in question."  28 U.S.C. § 1391(c)(2).  A defendant may waive a

12   defense of improper venue by not raising it in a motion to dismiss.  *See* Fed. R. Civ. P. 12(b)(3),

13   (h)(1); *see also Hillis v. Heineman*, 626 F.3d 1014, 1017 (9th Cir. 2010); *Columbia Sportswear*

14   *N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 265 F. Supp. 3d 1196, 1200 (D. Or. 2017).

15        In light of Defendant being subject to personal jurisdiction in this District and not

16   contesting venue, the Court will proceed to the merits.

17              2.   There is No Private Right of Action for Claims Under § 1681s-2(a)

18        Plaintiff's Complaint alleges a single Count that combines alleged violations under

19   § 1681s-2(a) and § 1681s-2(b), and invokes the civil liability provisions of § 1681n (willful

20   noncompliance) and § 1681o (negligent noncompliance).  (*See* Dkt. No. 5 at 6–8.)

21        Defendant relies on *Nelson v. Chase Manhattan Mortgage Corporation* for the

22   proposition that private litigants cannot enforce § 1681s-2(a).  (Dkt. No. 14 at 7) (citing *Nelson*,

23   282 F.3d 1057, 1060 (9th Cir. 2002)).  That is correct.  Subsection (a) prohibits a "person" from

24

1    "furnish[ing] any information relating to a consumer to any consumer reporting agency if the

2    person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C.

3    § 1681s-2(a). But Subsection (c) expressly states that liability under § 1681n and § 1681o do not

4    apply to a violation of "subsection (a) of this section, including any regulations issued

5    thereunder." 15 U.S.C. § 1681s-2(c)(1). Further, the statute specifies that as to those sections

6    for which private enforcement is excluded under § 1681s-2(c), they "shall be enforced

7    exclusively as provided under section 1681s of this title by the Federal agencies and officials and

8    the State officials identified in section 1681s of this title." 15 U.S.C. § 1681s-2(d). Therefore,

9    *Nelson* held that "private enforcement under §§ 1681n & o is excluded" as to § 1681s-2(a). 282

10    F.3d at 1059.

11        Plaintiff's response to the motion does not refute any of these arguments, and instead

12    restates that he has pled a claim under § 1681s-2(b). (*See* Dkt. No. 16 at 2.) Therefore, to the

13    extent Plaintiff's complaint asserts claims under § 1681s-2(a), those claims are DISMISSED, and

14    any amendment would be futile.

15            3.    Plaintiff Failed to Plead Required Elements of His § 1681s-2(b) Claim

16        By contrast, private enforcement under § 1681s-2(b) is allowed. See *Nelson*, 282 F.3d at

17    1059–1060. However, "Congress did provide a filtering mechanism in § 1681s–2(b) by making

18    the disputatious consumer notify a CRA and setting up the CRA to receive notice of the

19    investigation by the furnisher." *Id.* at 1060. Indeed, the relevant portion of the statute provides:

20        **(b) Duties of furnishers of information upon notice of dispute**

21            **(1) In general**

22            After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with
            regard to the completeness or accuracy of any information provided by a person
23            to a consumer reporting agency, the person shall—

24

1

        **(A)** conduct an investigation with respect to the disputed information;

2

        **(B)** review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

3

4

        **(C)** report the results of the investigation to the consumer reporting agency;

5

        **(D)** if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

6

7

        **(E)** if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

8

9

10

                **(i)**    modify that item of information;

11

                **(ii)**    delete that item of information; or

12

13

                **(iii)**    permanently block the reporting of that item of information.

14  15 U.S.C. § 1681s-2(b)(1).  The term "person" is defined to mean "any individual, partnership,

15  corporation, trust, estate, cooperative, association, government or governmental subdivision or

16  agency, or other entity."  15 U.S.C. § 1681a(b).  Further, the term "consumer reporting agency"

17  means "any person which . . . regularly engages in whole or in part in the practice of assembling

18  or evaluating consumer credit information or other information on consumers for the purpose of

19  furnishing consumer reports to third parties. . . ."  15 U.S.C. § 1681a(f).

20         Plaintiff alleges that Defendant Capital One is a "furnisher" of credit information.  (Dkt.

21  No. 5 at 6.)  Defendant acknowledges that it is a "furnisher" under the FCRA, so that is not in

22

23

24

1    dispute.  (Dkt. No. 14 at 6.) [3]  Courts in this circuit have distilled the elements of a claim under

2    § 1681s-2(b) against a furnisher to include the following: "(1) [Plaintiff] found an inaccuracy in

3    [their] credit report; (2) [they] notified a [CRA]; (3) the [CRA] notified the furnisher of the

4    information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or

5    otherwise failed to comply with the requirements of" Section 1681s-2(b)."  *King v. PennyMac*

6    *Loan Servs., LLC*, No. 4:24-CV-05002-MKD, 2024 WL 2064056, at *2 (E.D. Wash. May 8,

7    2024) (quoting *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016),

8    and collecting cases).  "Concerning the second element, it is well-established that proof of 'a

9    formal notice of consumer dispute from a [CRA]' is required to prove a furnisher's FCRA

10   violation."  *Id.* (quoting *Lawrence v. Paramount Residential Mortg. Grp., Inc.*, No. 19-CV-2103,

11   2021 WL 3578679, at *7 (D. Or. May 4, 2021)).

12          Plaintiff pled only the first of those four elements.  He pled that his credit report was

13   inaccurate, and that Defendant knew it was inaccurate.  (*See* Dkt. No. 5 at 4.)  He did not plead

14   that he notified the CRA of the inaccuracy.  He did provide an exhibit in the form of a credit

15   report from Experian, which notes that litigation is pending regarding the account (*see* Dkt. No. 5

16   at 9), but the exhibit does not state that Plaintiff filed a dispute with Experian for the CRA to

17   investigate, as § 1681s-2(b) requires.

18          Plaintiff's response to the motion does state that "Plaintiff submitted a dispute to the

19   credit reporting agencies, which triggered Capital One's duty to investigate the disputed

20   information. Despite this, Capital One failed to conduct a reasonable investigation and continued

21   to report inaccurate and incomplete information."  (Dkt. 16 at 2.)  This statement is insufficient

22

23   [3] Regulations define "furnisher" as "an entity that furnishes information relating to consumers to
     one or more consumer reporting agencies for inclusion in a consumer report."  12 C.F.R.

24   § 1022.41(c).

to survive the motion.  For one, the statement in Plaintiff's brief that he complied with the procedural requirements of § 1681s-2(b) is not pled in the complaint.  Two, Plaintiff's statement tracking the elements of the claim is not evidence, nor is it a fact entitled to a presumption of truth.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If Plaintiff can substantiate his claim that he submitted a dispute to a CRA, he needs to allege specific facts identifying when, where, and how he submitted such dispute.

Accordingly, Plaintiff's § 1681s-2(b) claim can go no further, and the Court DISMISSES Plaintiff's claim.  However, the Court will grant leave to amend to give Plaintiff an opportunity to identify specific facts that he disputed the account with a CRA and that Defendant was made aware of that and failed to act, if such evidence exists.[4]

## IV    CONCLUSION

Defendant's motion to dismiss is GRANTED.  Plaintiff may file an amended complaint to cure the deficiencies identified in this opinion no later than July 3, 2025.  The Clerk shall calendar this event.

Dated this 18th day of June, 2025.



David G. Estudillo
United States District Judge

---

[4] Plaintiff additionally filed an "emergency" motion making a "Request for Status to inquire about the Court's ruling" on the motion to dismiss, seeking a more prompt ruling.  (Dkt. No. 18.) As the ruling has now issued, the motion is DENIED as moot.

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 14) - 9