UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>    Plaintiff,<br><br> v.<br><br>CAPITOL ONE SERVICES LLC,<br><br>    Defendant. | CASE NO. 3:25-cv-05175-DGE<br><br>ORDER DENYING MOTION TO DISMISS (DKT. NO. 22) |

**I   INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 22).[1] Previously, this Court granted a Motion to Dismiss, holding that Plaintiff failed to plead the elements of his FCRA claim, but gave leave to amend for him to cure those defects. He filed an Amended Complaint, which Defendant now moves to dismiss.

---

[1] Defendant is named as "Capital One Services, LLC" in the original and amended complaints, but Defendant's response states that their correct corporate name is Capital One, N.A. (Dkt. No. 22 at 1.) The Court will refer to Defendant as "Capital One" in this Order and directs the Clerk to update the case caption with Defendant's corrected name.

Defendant advances one primary argument, that Plaintiff's claim is barred by res judicata from a Texas state court judgment. Applying Texas law, the Court holds that claim preclusion does not apply, because the record does not make clear that Plaintiff could have raised his FCRA claim at the time of the Texas debt collection action. For that reason, the motion is DENIED.

## II     BACKGROUND

As discussed in the Court's previous order, Plaintiff alleges that he paid a balance of $10,178 on his Capital One account but that Defendant continues to erroneously report that it is unpaid, causing harm to his credit. (Dkt. Nos. 19 at 2; 22 at 2–3.) Defendant states that Plaintiff has already brought litigation concerning this or similar Capital One accounts in four different judicial districts, with no success. (*See* Dkt. No. 19 at 2–3.) In the Court's last Order, the Court dismissed Plaintiff's first complaint, holding that he failed to plead required elements of his claim under 15 U.S.C. § 1681s-2(b). Specifically, he did not plead that he gave notice of a dispute to a credit reporting agency ("CRA") (e.g., Experian) and that the credit furnisher (Capital One) was on notice of that dispute but failed to investigate. (*See* Dkt. No. 19 at 8.) The Court stated that "[i]f Plaintiff can substantiate his claim that he submitted a dispute to a CRA, he needs to allege specific facts identifying when, where, and how he submitted such dispute." (*Id.* at 9.) The Court gave Plaintiff leave to amend to cure that deficiency. (*See id.*) In his Amended Complaint Plaintiff alleges, "[o]n or about June 22, 2024, Plaintiff submitted a formal dispute to Equifax, Experian and TransUnion, the nationwide consumer reporting agency, asserting that the account had been fully paid and should not be reported as charged off." (Dkt. No. 20 at 2–3.) He additionally alleges that "Equifax, Experian and TransUnion, acknowledged receipt of the dispute and notified Capital One, as required by 15 U.S.C. § 1681i(a)(2)." (*Id.* at 3.) After filing the Amended Complaint, Plaintiff submitted a "supplemental declaration"

alleging that that the balance on the account exceeds the $8,500 credit limit, and that he filed a dispute with the credit agencies in April 2025 concerning this discrepancy, which Defendant failed to act on. (*See* Dkt. No. 25 at 1–2.)

In its second Motion to Dismiss, Defendant advances one argument: that this case is barred by res judicata from a Texas debt collection action. (*See* Dkt. No. 22 at 6–8.) Defendant asks this Court to take judicial notice of the record of that case, *Capital One Bank (USA), N.A. v. Frederick Silver*, Case Number 11DC2102083, Justice Court of Texas, Bexar Precinct 1, Place 1. (*See* Dkt. No. 23 at 1.) In that action, the court entered default judgment for Capital One in the amount of $10,042.70, equal to the balance of a MasterCard account ending in 4866 (Dkt. No. 23-5 at 2, 23-2 at 8.) In this action, Plaintiff has produced records from Experian from the account at issue, identified as account "517805XXXXXX," showing that a balance of $10,042 was "written off" and $10,178 is past due as of May 2025. (Dkt. No. 25 at 4.)[2] In his response, Plaintiff argues that the Texas judgment is invalid because he was not served properly and the Texas court did not obtain jurisdiction over him. (Dkt. No. 24 at 1.) He also argues that the Texas case cannot have preclusive effect here because it did not concern his FCRA claim. (*Id.* at 3.) He does not dispute however that the Texas action concerned the same debt. (*See generally* Dkt. No. 24.) Defendant replies that Plaintiff's argument concerning service is contradicted by the record in the Texas case, and he cannot make a collateral attack on that judgment in this Court, under *Rooker-Feldman* doctrine. (Dkt. No. 29 at 2–3.)

---

[2] In his initial complaint, Plaintiff identified the account as "51780593****" and also as "account ending in 9108." (Dkt. No. 1-1 at 6.) His Amended Complaint contains no account numbers. (*See* Dkt. No. 20.)

ORDER DENYING MOTION TO DISMISS (DKT. NO. 22) - 3

**III    LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

Additionally, complaints filed pro se are "to be liberally construed"; "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under *Iqbal*."). "Unless it is absolutely clear that no amendment can cure the defect, [] a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995). However, leave to amend is properly denied if amendment would be futile. *See Ventress v. Japan Airlines*,

603 F.3d 676, 680 (9th Cir. 2010); *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).

### IV    ANALYSIS

#### A.  The Court Takes Notice of the Texas Court Record

First, the Court starts with the question of whether it can take notice of the record in the Texas action. It can. Ordinarily, courts cannot consider materials outside the complaint on a motion to dismiss posture, without converting the motion to one for summary judgment. Fed. R. Civ. P. 12(d). However, courts may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Ev. 201(b)(2). Courts may do so "at any stage of the proceeding." Fed. R. Ev. 201(d). The Ninth Circuit has held that "documents on file in federal or state courts" are subject to judicial notice. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Here, Plaintiff disputes the jurisdiction of the Texas court, but not the authenticity of its records. Moreover, a court may "consider certain materials" such as "matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Specifically, other courts have recognized that "[a] defendant may raise the *res judicata* defense in a Rule 12(b)(6) motion 'where [it] can be established from the face of the complaint, matters fairly incorporated within it, *and matters susceptible to judicial notice*.'" *Boling v. United States Parole Comm'n*, 290 F. Supp. 3d 37, 45 (D.D.C. 2017), *aff'd,* No. 17-5285, 2018 WL 6721354 (D.C. Cir. Dec. 19, 2018) (emphasis added). For those reasons, the Court will take notice of the Texas court records.

#### B.  The Court Does Not Find that Claim Preclusion Applies

ORDER DENYING MOTION TO DISMISS (DKT. NO. 22) - 5

Next, the Court turns to Defendant's claim preclusion argument. Defendant argues that res judicata applies because claim preclusion "prohibits lawsuits on 'any claims that were raised or *could have been raised*' in a prior action." (Dkt. No. 22 at 7) (quoting *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)). Defendant cites Ninth Circuit and Washington caselaw for the claim preclusion standard. (*See id.*) Plaintiff resists this argument on two primary grounds: that the Texas judgment is invalid because he was not properly served, and because he could not have litigated his FCRA claim in Texas because it concerns post-judgment conduct. (Dkt. No. 24 at 2–3.)

First, the Court must identify what law governs the preclusion analysis, and that is Texas law. "Under 28 U.S.C. § 1738, federal courts are required to give state court judgments the preclusive effects they would be given by another court of that state." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009). Texas courts follow the "transactional" approach to res judicata. *Barr v. Resol. Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992). Under that test, "[a] subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit." *Id.* As in other jurisdictions, res judicata in Texas requires proving three elements: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). Further, "[a] party asserting the defense of res judicata has the burden to present sufficient evidence to establish that it should apply, including proving the judgment and pleadings from the prior suit." *Jistel v. Tiffany Trail Owners Ass'n, Inc.*, 215 S.W.3d 474, 480 (Tex. App. 2006).

As to the first element, finality of judgment, Plaintiff argues he was not properly served in the Texas action, but that is belied by the Texas docket, which states that Plaintiff was served in person on June 19, 2021. (Dkt. No. 23-1 at 4, 23-3 at 2–7.) This Court need not analyze the Texas court's jurisdiction any further, however, as its analysis turns on other issues. Likewise, there is no dispute as to the second element, identity of the parties. The Court thus focuses its analysis on the third element, identity of claims. Plaintiff's FCRA claim clearly was not litigated in the Texas action, so the question is whether he could have raised the claim through reasonable diligence. As a threshold issue, it does appear that both suits concern the same subject matter. There is a discrepancy between the account number listed on documents in the Texas action and the account numbers pled here in Plaintiff's complaint and supporting documents, as noted *supra*. (*Compare* Dkt. Nos. 23-5 at 2 and 23-2 at 8 *with* Dkt. No. 25 at 4 and Dkt. No. 1-1 at 6.) However, both concern a balance of $10,042, which seems very unlikely to be a coincidence, and Plaintiff's response does not dispute that the same debt was at issue, so the Court will assume that both cases concern the same debt.

Nonetheless, for claim preclusion to apply, Plaintiff must have been able to raise his FCRA claim in the prior action "through the exercise of diligence," *Barr*, 837 S.W.2d at 631, and the Court is unable to make that determination definitively from the record. Plaintiff's Amended Complaint alleges that he filed the credit dispute that gives rise to his FCRA claim "[o]n or about June 22, 2024," which is nearly two years after the Texas judgment was entered. (*See* Dkt. Nos. 20 at 2, 23-5 at 2.) However, the Amended Complaint also alleges that Plaintiff paid off the account in November 2019 (*see* Dkt. No. 20 at 2), almost two years before the Texas action. Defendant's motion thus focuses on Plaintiff's failure to raise the issue of the account balance at the time of the Texas judgment. (Dkt. No. 22 at 7.) But the Ninth Circuit has held

ORDER DENYING MOTION TO DISMISS (DKT. NO. 22) - 7

that under the FCRA, each credit dispute gives rise to new obligations to conduct a reasonable investigation and new potential claims, so when res judicata was asserted as a defense to later-raised disputes, the court found "no reason why the later FCRA claims 'should have been litigated'" in a prior state court action. *Mayo v. Experian Info. Sols., Inc.*, No. 23-35068, 2024 WL 3066045, at *1 (9th Cir. June 20, 2024).[3] Indeed, Plaintiff's response to the motion argues that "Plaintiff's FCRA claim arises from Defendant's post-judgment conduct in continuing to furnish inaccurate information to consumer reporting agencies and failing to reasonably investigate." (Dkt. No. 24 at 3.) Defendant does not respond directly to this argument, instead focusing its reply on the allegations in Plaintiff's "supplemental declaration." (Dkt. No. 29 at 4.) Ultimately, the burden is on Defendant to prove that the claim could have been raised through reasonable diligence at the time of the Texas judgment, *Jistel*, 215 S.W.3d at 480, and Defendant's briefings and supporting materials fall short of meeting that burden.

## V    CONCLUSION

Defendant's renewed Motion to Dismiss raises only one argument, res judicata from one Texas judgment, and the Court does not find that res judicata applies from that case, so the motion is DENIED. Plaintiff's "Motion to Expedite Proceedings and a Request for Priority Scheduling" (Dkt. No. 26) is also DENIED as moot.

Dated this 11th day of August, 2025.

David G. Estudillo
United States District Judge

---

[3] *Mayo* applied the res judicata test of Washington law, but as here, that test requires proving that "the current claim should have been litigated in the former action." *Mayo*, 2024 WL 3066045, at *1 (quoting *Storti v. Univ. of Wash.*, 181 Wn.2d 28, 40 (2014)).