UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>                    Plaintiff,<br>     v.<br><br>CAPITAL ONE, N.A.<br><br>                    Defendant. | CASE NO. 3:25-cv-05175-DGE<br><br>ORDER ON MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 35) |

## I   INTRODUCTION

This matter comes before the Court on Plaintiff's "emergency" motion for a preliminary injunction. (Dkt. No. 35.) For the reasons stated herein, Plaintiff's motion is DENIED.

## II   BACKGROUND

On or around July 18, 2012, Plaintiff opened a credit card account with Defendant. (Dkt. No. 20 at 2.) Plaintiff alleges that in November 2019, he "paid off the full balance on the account in good faith." (*Id.*) However, despite full payment, Defendant continued to report the account as " 'charged off' " and past due on Plaintiff's credit report. (*Id.*) On or around June 22,

2024, Plaintiff submitted a formal dispute to Equifax, Experian, and TransUnion, who "acknowledged receipt of the dispute and notified Defendant" as required under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. (*Id.* at 2–3.) Plaintiff alleges that Defendant "failed to conduct a reasonable investigation or correct the inaccurate reporting," even after receiving notice. (*Id.* at 3.) As of February 2025, Plaintiff's Experian report still shows the account as charged off with a past due balance of $10,178. (*Id.*) Plaintiff alleges that "[a]s a direct result of this continued inaccurate reporting, [he] has been denied housing opportunities, subjected to higher interest rates, and suffered mental distress and financial harm." (*Id.*) Attached to his Motion for Preliminary Injunction (Dkt. No. 35), Plaintiff provided a copy of his Experian credit report, dated August 27, 2025, which shows a balance of $10,178 on account "517805XXXXXX." (*Id.* at 5.) There is a note under "Status" stating "Account charged off. $10,042 written off. $10,178 past due as of Jul 2025." (*Id.*) There is also a statement from the consumer ("Your statement") which reads "LITIGATION PENDING." (*Id.*) The report shows that the account was opened on July 18, 2012 and is currently closed. (*Id.*) The report also shows that the last payment on the account was September 14, 2019. (*Id.* at 6.)

### III     DISCUSSION

**A. Legal Standard**

Governed by Federal Rule of Civil Procedure 65(a), a "preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20. "In each case, courts 'must balance the competing claims of injury

1 and must consider the effect on each party of the granting or withholding of the requested

2 relief.'" *Id*. at 24 (quoting *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 542 (1987)).

3 The moving party has the burden of persuasion. *See Hill v. McDonough*, 547 U.S. 573, 584

4 (2006).

5        **B. Availability of Injunctive Relief Under the FCRA**

6       In opposition to Plaintiff's motion, Defendant asserts that injunctive relief is unavailable

7 to private plaintiffs under the FCRA. (Dkt. No. 38 at 4–5.) The FCRA provides that a consumer

8 can bring a claim "to enforce any liability created under" the FCRA. 15 U.S.C. § 1681p.

9 Elsewhere in the FCRA, civil liability is discussed in terms of damages and attorney fees, with

10 no mention of injunctive relief. *See* 15 U.S.C. § 1681n–o. The Fifth Circuit has held that this

11 omission of injunctive relief in the discussion of civil liability "is significant because the Act

12 elsewhere expressly grants the power to obtain injunctive relief to the [Federal Trade

13 Commission ("FTC")]." *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir.

14 2000). The *Washington* court accordingly held that "the affirmative grant of power to the FTC

15 to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when

16 they are expressly granted the right to obtain damages and other relief, persuasively demonstrates

17 that Congress vested the power to obtain injunctive relief solely with the FTC." *Id.*

18       Thus far, the Fifth Circuit is the only circuit court to decide whether private plaintiffs can

19 obtain injunctive relief under the FCRA. Although several courts have followed *Washington*,

20 others have called its reasoning into doubt. *See, e.g., Beaudry v. TeleCheck Servs., Inc.*, 579

21 F.3d 702 (6th Cir. 2009); *Alston v. Equifax Info. Servs., LLC*, No. CIV.A. TDC-13-1230, 2014

22 WL 6388169 at *3–4 (D. Md. Nov. 13, 2014) (recognizing the split of authority and declining to

23 address the issue); *Andrews v. Trans Union Corp. Inc.*, 7 F.Supp.2d 1056, 1084 (C.D. Cal.1998)

24

(finding injunctive relief available), *aff'd in part, rev'd in part*, 225 F.3d 1063 (9th Cir. 2000), *rev'd on other grounds*, 534 U.S. 19 (2000).  District courts in the Ninth Circuit have disagreed on whether to follow *Washington* law.  *Contrast Quadrant Info. Servs., LLC v. LexisNexis Risk Solutions, Inc.*, No. C 11-6648 SBA, 2012 WL 3155559 at *3 (N.D. Cal. Aug. 2, 2012) ("Although private litigants may maintain a claim for damages under the FCRA, only the [FTC] is empowered by statute to seek equitable relief."), *with Engelbrecht v. Experian Info. Servs., Inc.*, No. EDCV 12–01547 VAP, 2012 WL 10424896 at *3–*5 (C.D. Cal. Nov. 6, 2012) ("a consumer without the right to bring a claim for injunctive relief would be helpless to correct [their] credit information").  The Ninth Circuit has yet to decide the issue.  For the reasons set forth below, Plaintiff's motion fails on the merits, and so can be disposed of on that basis alone.  Thus, this Court will leave answering the question of whether a private litigant can seek injunctive relief under the FCRA for another day.

### C. Likelihood of Success on the Merits

The specific relief Plaintiff seeks is an injunction prohibiting Defendant "from reporting Plaintiff's disputed account as delinquent, charged-off, or otherwise negative to any consumer reporting agency [("CRA")] during the pendency of this case." (Dkt. No. 35 at 3.)  To succeed on his motion for a preliminary injunction, Plaintiff must clearly demonstrate that he will likely succeed on his claim that Defendant failed to conduct a reasonable investigation or correct the inaccurate reporting of his credit report.  To establish an FCRA claim under 15 U.S.C. § 1681s–2(b) against a furnisher of information, Plaintiff must show that " '(1) [Plaintiff] found an inaccuracy in [their] credit report; (2) [they] notified a [CRA]; (3) the [CRA] notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of' Section 1681s–2(b)." *King*

v. *PennyMac Loan Servs., LLC*, No. 4:24-CV-05002-MKD, 2024 WL 2064056, at *2 (E.D. Wash. May 8, 2024) (some alteration in original) (quoting *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016)). "Concerning the second element, it is well-established that proof of 'a formal notice of consumer dispute from a [CRA]' is required to prove a furnisher's FCRA violation." *Id.* (quoting *Lawrence v. Paramount Residential Mortg. Grp., Inc.*, No. 19-CV-2103, 2021 WL 3578679, at *7 (D. Or. May 4, 2021)).

Plaintiff makes no factual allegations to support his bare assertions that Defendant fell short of its obligations under FCRA.  He alleges no facts, for example, regarding how or when he notified a CRA of his dispute, nor any facts about the sufficiency of the notice the CRA allegedly provided Defendant.  Further, he alleges no facts supporting his assertion that Defendant failed to conduct a proper investigation under § 1681s–2(b), for example, factual allegations about why Defendant's investigation failed to meet the criteria outlined in 15 U.S.C. § 1681s–2(b)(1), or that it failed to conduct any investigation at all.  As such, Plaintiff has not shown a likelihood of success on the merits of his FCRA claim.

**D.  Irreparable Harm**

Plaintiff also must demonstrate that he is likely to suffer irreparable harm in the absence of a preliminary injunction.  "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014).  Financial loss that can be remedied by an award of damages generally does not constitute irreparable harm. *See E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 677 (9th Cir. 2021).  Reputational harm may constitute irreparable harm. *Shapiro v. Hasbro, Inc.*, No. CV1605750BROAJWX, 2016 WL 9024810, at *9 (C.D. Cal. Aug. 15, 2016); *see Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597,

1   603 (9th Cir. 1991) ("[I]ntangible injuries, such as damage to ongoing recruitment efforts and
2   goodwill, qualify as irreparable harm."). However, "conclusory statements and theoretical
3   arguments supporting such harm are insufficient to meet" the irreparable harm standard. *Ontel*
4   *Prod. Corp. v. Brownstone Res., LLC*, No. SACV2101359JVSDFMX, 2021 WL 6103538, at *6
5   (C.D. Cal. Aug. 20, 2021). Plaintiff generally asserts that "[n]egative reporting diminishes
6   Plaintiff's creditworthiness and may result in denial of housing, credit, or employment
7   opportunities." (Dkt. No. 35 at 2.) Plaintiff does not provide any other details about the
8   intangible harms beyond the conclusory statement quoted. Thus, Plaintiff fails to show that he is
9   likely to suffer irreparable harm in the absence of a preliminary injunction.

    **E.   Balance of Equities and the Public Interest**

11      Plaintiff's sole argument is that a preliminary injunction would "preserve the status quo
12  by pausing negative reporting," and the "burden on Defendant is minimal compared to the
13  significant harm to Plaintiff." (Dkt. No. 35 at 3.) However, the FCRA was designed to ensure
14  the continued and optimal functioning of the banking system, which depends on "fair and
15  accurate credit reporting" that will enable financial institutions to determine the creditworthiness
16  of consumers. 15 U.S.C. § 1681(a)(1). Defendant filed a declaration in opposition to Plaintiff's
17  motion for a preliminary injunction in which it attached monthly billing statements for an
18  account in Plaintiff's name that was opened on July 18, 2012, the same day as the credit card
19  account in dispute. (Dkt. Nos. 20 at 2, 39 at 2.) Defendant provided monthly billing statements
20  for the account from October 2019 to March 2020, which do not reflect any payment made on
21  the account. (Dkt. No. 39 at 2, 8–24.) A reasonable interpretation of the record is that Plaintiff
22  did not make a payment on the account, at least within the time period Plaintiff claims to have
23  paid the full balance of the account. Therefore, Defendant's report to that effect is certainly

information that speaks to Plaintiff's creditworthiness. By asking this Court to have Defendant delete this information at this stage of the proceedings, which would leave the report without any record of that debt, Plaintiff would frustrate the purpose of the FCRA. Thus, the equities and the public interest weigh against a preliminary injunction.

## IV    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a Preliminary Injunction is DENIED.

Dated this 19th day of September, 2025.

David G. Estudillo
United States District Judge