| | |
|---|---|
| FREDERICK O. SILVER,<br><br>                    Plaintiff,<br>     v.<br><br>CAPITAL ONE, N.A.,<br><br>                    Defendant. | CASE NO. 3:25-cv-05175-DGE<br><br>ORDER ON MOTION TO STRIKE (DKT. NO. 33) |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

## I   INTRODUCTION

This matter comes before the Court on Plaintiff's motion to strike certain affirmative defenses of Defendant Capital One, N.A. (Dkt. No. 33.) Defendant filed a response (Dkt. No. 36), to which Plaintiff replied (Dkt. No. 37). For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiff's motion.

## II   BACKGROUND

Plaintiff, proceeding *pro se*, filed his Complaint on March 10, 2025. (Dkt. No. 5.) Plaintiff's First Amended Complaint ("FAC") (Dkt. No. 20) claims that Defendant violated the

Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, by failing to conduct a reasonable investigation or correct alleged inaccurate reporting of Plaintiff's credit report. (*Id.* at 2-3.) On August 25, 2025, Defendant filed its Answer, which asserts 27 affirmative defenses. Relevant here, the affirmative defenses included:

1. Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff has failed to mitigate his damages, if any.

3. Plaintiff's damages, if any, were caused by the actions and/or inaction of third parties and/or intervening causes over which Capital One has no control.

4. Damages or injuries, if any, suffered by Plaintiff are attributable to Plaintiff's own conduct, deeds, acts, words and omissions, and not to any conduct, deeds, acts, words or omissions of Capital One. Plaintiff's claims are barred or reduced by his own negligence, mistake or fraud.

5. Capital One acted at all times in compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and it is entitled to each and every defense stated in the Act and all limitations of liability.

6. Capital One acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it so acted.

7. Plaintiff is estopped from recovering from Capital One.

14. At all relevant times, Capital One maintained reasonable procedures to ensure compliance with state and federal law.

15. Capital One is informed and believes, and on that basis alleges that it met or exceeded the requirements of all applicable state and federal laws, statutes and regulations and, therefore, cannot be held liable for any alleged damages suffered by Plaintiff.

16. Any and all harm alleged by Plaintiff can be attributed to several causes, and the damages for the harm, if any, should be apportioned among the various causes, according to the contribution of each cause to the harm sustained.

18. Plaintiff lacks standing to assert the claims alleged in this action against Capital One, because Plaintiff did not suffer a concrete injury.

23. Plaintiff's claims are barred by the doctrine of unclean hands.

    24. The FAC, and each purported cause of action alleged therein, is barred by the conduct, action and inactions of Plaintiff, which amount to and constitute a waiver of any right or rights Plaintiff may or might have in relation to the matters alleged in the FAC.

    25. Through Plaintiff's own conduct, acts or omissions, Plaintiff consented and acquiesced to Capital One's conduct.

    26. The FAC, and each claim alleged therein, is barred, in whole or in part, on the grounds that Capital One did not engage in malice as its conduct was not knowing, willful or intentional.

    27. Capital One reserves the right to supplement its affirmative defenses as it continues with its factual investigations of Plaintiff's claims.

(Dkt. No. 32 at 5-8.)  Also on August 25, 2025, Plaintiff filed the instant motion to strike the listed affirmative defenses.  (Dkt. No. 33.)

### III    DISCUSSION

**A. Legal Standard**

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "Rule 12(f) motions to strike are generally disfavored because the motions may be used as delay tactics and because of the strong policy favoring resolution on the merits."  *White v. Univ. of Washington*, No. 2:22-CV-01798-TL, 2023 WL 3582395, *2 (W.D. Wash. May 22, 2023).  "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."  *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  As with the other Rule 12 provisions, Rule 12(f) must be construed alongside the general pleading standards of Rule 8.  *See* Fed. R. Civ. P. 8(b)(1)(A) ("In responding to a pleading, a party must: state in short and plain terms its defenses to each claim asserted against it"), 8(c)(1) ("In

responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]").

The courts in this circuit are divided over what pleading standard governs an affirmative defense. While some have concluded that the heightened plausibility pleading standard outlined in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies in the context of affirmative defenses, others maintain that the less demanding "fair notice" standard continues to apply. *See White*, 2023 WL 3582395, at *4 (collecting caselaw on both sides of the split); *Grande v. U.S. Bank Nat'l Ass'n*, No. C19-333-MJP, 2020 WL 2063663, *2 (W.D. Wash. Apr. 29, 2020) (discussing the split and collecting caselaw.) In this district, courts have generally declined to adopt the heightened plausibility pleading standard for evaluating affirmative defenses. *See White*, 2023 WL 3582395 at *5 ("Absent clearer guidance from the Supreme Court or the Ninth Circuit, the Court declines to adopt the heightened plausibility pleading standard for asserting an affirmative defense"); *Am. Rsch. Cap. LLC v. H NU Photonics LLC*, No. C22-607-MLP, 2022 WL 22258089, *2 (W.D. Wash. Aug. 18, 2022) ("Although the Ninth Circuit has yet to definitively settle the issue, courts in this district have generally interpreted 'fair notice' to require something less than the factual specificity required of a complaint under *Iqbal/Twombly* while still providing some factual basis to the asserted defense"); *Grande*, 2020 WL 2063663, at *1–2 ("This Court . . . while not transplanting the heightened pleading standard of *Iqbal/Twombly* to affirmative defenses, will require (in the interests of fair notice) that Defendants provide at least some facts indicating the grounds on which the defense is based"); *Smith v. Bank of New York Mellon*, No. C19-0538-JCC, 2019 WL 3428744 (W.D. Wash. July 30, 2019) (same); *Bushbeck v. Chi. Title Ins. Co.*, No. C08-755, 2010 WL 11442904, *2 (W.D. Wash. Aug. 26, 2010) (same).

      The Court finds the analysis in these opinions persuasive.  Notably, the Ninth Circuit has approvingly referenced the fair notice standard rather than the *Twombly/Iqbal* standard in the years after *Twombly* and *Iqbal*, which implies that the pleading standard has not changed.  *See Garcia*, 918 F.3d at 1008; *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015).  Moreover, a plain text reading of the differences in language between Rules 8(a)(2) and 8(c)(1) supports the conclusion that "the burden of showing an entitlement is heavier than that of stating something, even if both must be pleaded in 'short and plain' terms." *White*, 2023 WL 3582395 at *5 (quoting Fed. R. Civ. P. 8(b)).  As the *White* court described: "a party asserting a claim—and therefore bearing the ultimate burden of showing its entitlement to relief—must plead 'a short and plain statement of the claim showing that the pleader is entitled to relief,' while [] a defending party must simply 'state in short and plain terms its defenses to each claim asserted against it' and 'affirmatively state any avoidance or affirmative defense[.]'" *Id.* (quoting Fed. R. Civ. P. 8(a), 8(b), 8(c)(1)); *see also Bushbeck*, 2010 WL 11442904, at *2 (noting the differences in language between Rules 8(a)(2) and 8(c)(1) and declining to apply the *Twombly/Iqbal* standard.).

      Accordingly, the Court assesses whether Defendant's affirmative defenses provide a "short and plain statement" that affords sufficient fair notice of the affirmative defense and the grounds upon which it rests.  *See Grande*, 2020 WL 2063663, at *1–2; *Smith*, 2019 WL 3428744, at *1; *White*, 2023 WL 3582395, at *5.  "Detailed factual allegation[s] are not required—simply '[p]leading enough factual content to identify the factual grounds on which an affirmative defense rests is adequate to provide fair notice' of the affirmative defenses to Plaintiff and the Court." *White*, 2023 WL 3582395 at *7 (quoting *Rosen*, 222 F. Supp. 3d at 802).  "[A] party's mere reference to a legal doctrine or statutory provision without specifying

the legal grounds and setting forth the elements of the defense does not provide sufficient notice." *Guirguis v. U.S. Bank Nat'l Ass'n as Tr. for GSR Mortg. Loan Tr. 2006-4F Mortg. Pass-Through Certificate Series 2006-4F*, No. C18-1456-JCC, 2021 WL 779111, *2 (W.D. Wash. Mar. 1, 2021).

**B. Analysis**

1. First Defense: Failure to State a Claim

The Ninth Circuit is clear that failure to state a claim is not a proper affirmative defense. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). As the *Smith* court explained, "[t]he assertion of failure to state a claim upon which relief can be granted is not an affirmative defense; rather, it challenges the legal or factual sufficiency of a plaintiff's claims, and necessarily means that the plaintiff cannot meet his or her burden of proof." *Smith*, 2019 WL 3428744 at *1; *see also White*, 2023 WL 3582395 at *6 ("Failure to state a claim for relief is not an affirmative defense"); *Bushbeck* 2010 WL 11442904, at *2–4 (same). Accordingly, the Court STRIKES Defendant's first affirmative defense without leave to amend and notes that Defendant may challenge Plaintiff's claims in a motion for judgment on the pleadings under Rule 12(c) or in another dispositive motion later in litigation. *See* Fed. R. Civ. P. 12(c).[1]

2. Second Defense: Plaintiff Failed to Mitigate Damages

---

[1] Rule 12(b)(6) establishes that a motion asserting failure to state a claim "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b)(6). Defendant has already filed an Answer, which is a responsive pleading. Thus, Defendant may not bring a Rule 12(b)(6) motion. *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) ("A Rule 12(b)(6) motion must be made before the responsive pleading. Here, the Defendants filed their motion to dismiss after filing their answer. Thus, the motion should have been treated as a motion for judgment on the pleadings[.]") (internal citations omitted).

1    "[W]hen reviewing a motion to strike affirmative defenses, it is important to differentiate
2    between an affirmative defense and a denial," which "points out a defect in or negates a
3    plaintiff's prima facie case." *Padilla v. Experian Info. Sols., Inc.*, No. 23-CV-60669, 2023 WL
4    9228313, *2 (S.D. Fla. Oct. 13, 2023); *see also Guirguis,* 2021 WL 77911, at *2.
5    Plaintiff argues that the failure to mitigate defense lacks any supporting facts showing it applies
6    to this case.  Defendant argues Plaintiff was made aware of its position "through pleading
7    challenges to both the Complaint and the FAC."  (Dkt. No. 36 at 4.)  However, as written,
8    Defendant's second affirmative defense does not provide Plaintiff with notice of the basis of his
9    alleged failure to mitigate.  Accordingly, Defendant's second affirmative defense is STRICKEN
10   with leave to amend.

   3. <u>Third, Fourth, Sixteenth, and Twenty-Fourth Defenses: No Fair Notice</u>

12   Defendant has failed to provide fair notice to Plaintiff with these affirmative defenses as
13   it does not state who the "third parties" are, which "causes" caused Plaintiff's harm, or elaborate
14   on any relevant conduct. S*ee Opico v. Convergent Outsourcing, Inc.*, 2019 WL 1755312 (W.D.
15   Wash. 2019) (citing *Bonshahi v. Fedex Corp.*, No. C12-2471 TEH, 2012 WL 3638608, at *3
16   (N.D. Cal. Aug. 22, 2012)) (granting motion to strike similar affirmative defense when
17   defendants "fail[ed] to identify any such third parties or explain why the involvement of third
18   parties relieve[d] them of liability"); *see also Bell*, 2020 WL 1452552 at *3.  Accordingly, these
19   affirmative defenses are STRICKEN with leave to amend.

   4. <u>Fifth Defense: Capital One Entitled to Every Defense Stated in FCRA</u>

21   Defendant fails to provide fair notice to Plaintiff as to which defenses it is asserting.
22   Accordingly, Defendant's fifth affirmative defense is STRICKEN with leave to amend.

   5. <u>Sixth Defense: Capital One Acted in Good Faith</u>

ORDER ON MOTION TO STRIKE (DKT. NO. 33) - 7

Under the FCRA, a consumer may recover compensatory damages for negligent violations and statutory and punitive damages for willful violations. *See* 15 U.S.C. §§ 1681n, 1681o. To show that a violation was willful, a plaintiff must show that the defendant either knowingly violated the FCRA or recklessly disregarded the FCRA's requirements. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007). To show that a defendant recklessly disregarded the FCRA's requirements, a plaintiff must show that the defendant "ran a risk of violating the law substantially greater than the risk associated with a reading [of the FCRA] that was merely careless." *Id.* The defense that Defendant acted in good faith is merely demonstrating that Plaintiff has not met his burden of proof. Accordingly, Defendant's sixth affirmative defense is STRICKEN without leave to amend.

6. <u>Seventh Defense: Plaintiff Estopped from Recovering</u>

"The elements of equitable estoppel are that (1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct will be acted on or must so act that the party invoking estoppel has a right to believe it is so intended, (3) the party invoking estoppel must be ignorant of the true facts, and (4) he or she must detrimentally rely on the former's conduct." *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir.1998). The Court finds that Defendant has not alleged any facts that would support a defense of equitable estoppel against Plaintiff, and instead has merely pleaded a legal conclusion which is insufficient to withstand Plaintiff's motion to strike. Accordingly, Defendant's seventh affirmative defense is STRICKEN with leave to amend.

7. <u>Fourteenth Defense: Capital One Maintained Reasonable Procedures to Ensure Compliance with State and Federal Law</u>

Section 615 of the FCRA provides that "[n]o person shall be held liable for any violation of this section if he shows by a preponderance of the evidence that at the time of the alleged violation he maintained reasonable procedures to assure compliance with the provisions of this section." 15 U.S.C. § 1681m(c). Defendant's proffered defense is not aimed at negating any of the prima facie elements of Plaintiff's claim for a violation of 15 U.S.C. § 1681s-2(b). Rather, Defendant asserts that even if Plaintiff established the prima facie elements of his claim, Defendant should not be held liable because it had reasonable procedures in place. This is a valid affirmative defense.

8. <u>Fifteenth Defense: Capital One Met Requirements of Applicable Laws and Cannot be Held Liable</u>

Plaintiff moves to strike Defendant's fifteenth affirmative defense on the ground that it is duplicative and amounts to a denial of Plaintiff's allegations. (Dkt. No. 33 at 2.) The Court finds that Defendant's fifteenth affirmative defense is duplicative as it does not allege sufficiently distinct factual information from that contained in Defendant's fourteenth affirmative defense. Additionally, this defense purports to attack the prima facie elements of Plaintiff's claim, which is not a valid affirmative defense. Accordingly, Defendant's fifteenth affirmative defense is STRIKEN without leave to amend.

9. <u>Eighteenth Defense: Plaintiff Did Not Suffer Concrete Injury</u>

As the Ninth Circuit has explained, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic*, 302 F.3d at 1088. Therefore, "an assertion that the plaintiff suffered no damages is not an affirmative defense, because it is essentially an allegation that the plaintiff cannot prove the elements of its claims." *See Surface Supplied, Inc. v. Kirby Morgan Dive Sys., Inc.*, No. C-13-575 MMC, 2013 WL 5496961, at *3

(N.D. Cal. Oct 3, 2013) (citation omitted).  Accordingly, Defendant's eighteenth affirmative defense is STRICKEN without leave to amend.

10. Twenty-Third Defense: Plaintiff's Claims are Barred by Doctrine of Unclean Hands

Unclean hands can operate as a defense where a plaintiff has "acted unconscionably, in bad faith, or inequitably in the matter in which the plaintiff seeks relief." *Canupp v. Children's Receiving Home of Sacramento*, 181 F.Supp.3d 767, 797 (E.D. Cal. 2016) (quoting *Salas v. Sierra Chem. Co.*, 327 P.3d 797 (2014)).  Simply alleging that Plaintiff's hands are unclean without explaining what the specific misconduct alleged was, does not give fair notice of the grounds for the defense or explain how the defense might apply in this case.  Accordingly, Defendant's twenty-third affirmative defense is STRICKEN with leave to amend.

11. Twenty-Fifth Defense: Plaintiff Consented to Capital One's Conduct

To establish an FCRA claim under 15 U.S.C. § 1681s–2(b) against a furnisher of information, Plaintiff must show that " '(1) [Plaintiff] found an inaccuracy in [their] credit report; (2) [they] notified a [CRA]; (3) the [CRA] notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of' Section 1681s–2(b)." *King v. PennyMac Loan Servs., LLC*, No. 4:24-CV-05002-MKD, 2024 WL 2064056, at *2 (E.D. Wash. May 8, 2024) (some alteration in original) (quoting *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016)).  Whether Plaintiff consented to Defendant's conduct is immaterial to whether Defendant failed to investigate the alleged inaccuracies of the credit report.  Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike from a pleading an immaterial matter.  Accordingly, Defendant's twenty-fifth affirmative defense is STRICKEN without leave to amend.

12. Twenty-Sixth Defense: Capital One Did Not Engage in Knowing, Willful, or Intentional Conduct

To prevail on an FCRA claim, "Plaintiff must show that the Defendant acted willfully or negligently" when it "fail[ed] to comply with" the FCRA. *Myers v. Bennett L. Offs.*, 238 F. Supp. 2d 1196, 1200-01 (D. Nev. 2002) (citing 15 U.S.C. § 1681n–o). In the context of an FCRA claim, the "standard of conduct required to avoid negligence [is] that of a reasonably prudent person under similar circumstances." *Banga v. Chevron U.S.A. Inc.*, No. C–11–01498 JCS, 2013 WL 71772, at *11 (N.D. Cal. Jan. 7, 2013) (quoting *Almaraz v. Universal Marine Corp.*, 472 F.2d 123, 124 (9th Cir. 1972)); *Pintos v. Pac. Creditors Ass'n*, No. C 03-5471 CW, 2011 WL 3880411, at *2 (N.D. Cal. Sept. 2, 2011) (same). Defendant's assertion is simply a contention that Plaintiff cannot prove it acted willfully. "An affirmative defense is an assertion raising new facts and arguments that, if true, would defeat the plaintiff's claim, *even if the allegations in the complaint are true*." *Ramirez v. Olympic Health Mgmt. Sys., Inc.*, No. CV-07-3044-EFS, 2009 WL 1107243, *4 (E.D. Wash. Apr. 21, 2009) (emphasis added). On the other hand, "[a] defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense. *Zivkovic*, 302 F.3d at 1088. "Such a defense is merely rebuttal against the evidence presented by the plaintiff." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173-74 (N.D. Cal. 2010). Because this affirmative defense is simply an assertion that Defendant was not willful, it is not a recognized affirmative defense to FCRA. Accordingly, the twenty-sixth affirmative defense is STRICKEN without leave to amend.

13. Twenty-Seventh Defense: Reservation of Right to Assert Additional Defenses

This affirmative defense is insufficient as a matter of law. An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself. *See Reis Robotics U.S.A., Inc. v. Concept Indus., Inc.*, 462 F.Supp.2d 897, 907 (N.D.Ill.2006). Instead, if

at some later date Defendant seek to add affirmative defenses, it must comply with Rule 15 of the Federal Rules of Civil Procedure. Defendant cannot avoid the requirements of Rule 15 simply by reserving "the right to supplement its affirmative defenses." (Dkt. No. 32 at 8.) Accordingly, Defendant's twenty-seventh affirmative defense is STRICKEN without leave to amend.

## IV    CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike Defendant's affirmative defenses is GRANTED IN PART and DENIED IN PART. Defenses Two, Three, Four, Five, Seven, Sixteen, Twenty-Three, and Twenty-Four are STRICKEN with leave to amend. Defenses One, Six, Fifteen, Eighteen, Twenty-Five, Twenty-Six, and Twenty-Seven are STRICKEN without leave to amend. If Defendant choses to file an amended answer, it must do so within 14 days from the issuance of this order.

Dated this 6th day of October, 2025.

David G. Estudillo
United States District Judge