UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>                    Plaintiff,<br>v.<br><br>CAPITAL ONE, N.A.<br><br>                    Defendant. | CASE NO. 3:25-cv-05175-DGE<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO. 46) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a motion for leave to file an amended complaint.  (Dkt. No. 46.)  Plaintiff requests to amend his complaint to add Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and Trans Union LLC ("Trans Union") as additional defendants.  (*Id.* at 2.)

**I     BACKGROUND**

Plaintiff alleges that on or around July 18, 2012, he opened a credit card account with Defendant Capital One, N.A. ("Capital One") and paid off the full balance of the account in November 2019.  (*Id.* at 5.)  Despite this, Plaintiff alleges that Capital One continued to report

the account as " 'charged off' " and past due on Plaintiff's credit report.  (*Id.*)  Plaintiff stated that on or about June 22, 2024, he "submitted a formal dispute" to Experian, Equifax, and Trans Union regarding his Capital One account.  (*Id.* at 6.)  Plaintiff cites to Capital One's attorney's declaration, which states that Capital One has no record of receiving these disputes from Experian, Equifax, or Trans Union.  (*Id.*)  Plaintiff alleges that upon receiving notice, Capital One failed to conduct a reasonable investigation or correct the inaccurate reporting.  (*Id.*)  Plaintiff alleges two causes of action under the Fair Credit Report Act ("FCRA") against Experian, Equifax, and Trans Union: (1) violation of 15 U.S.C. § 1681e(b) and (2) violation of 15 U.S.C. § 1681i.  (*Id.* at 7–8.)

## II    DISCUSSION

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim).  A *pro se* plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S.

at 678.  Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *id.* at 680, and therefore are insufficient to defeat dismissal for failure to state a claim.  *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

### A.  15 U.S.C. § 1681e(b)

15 U.S.C. § 1681e(b) defines the FCRA's requisite compliance procedures and provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  A prerequisite for bringing a claim against a consumer reporting agency under § 1681e is evidence of an inaccuracy in the credit report.  *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

Plaintiff pled in his amended complaint that only his Experian report showed the account as "charged off" with a past due balance, which he alleges is factually inaccurate.  (Dkt. No. 46 at 5–6.)  He did not plead that Equifax and Trans Union reported an inaccuracy in their credit reports.  Accordingly, Plaintiff's § 1681e(b) claims against Equifax and Trans Union can go no further.  However, the Court will grant leave to amend to give Plaintiff an opportunity to address these deficiencies.

### B.  15 U.S.C. §§ 1681i(a)(1) and (2)

Under § 1681i(a)(1), a consumer reporting agency "must conduct a free and reasonable reinvestigation within thirty days of a consumer informing the [consumer reporting agency] of disputed information."  *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018).  15 U.S.C. § 1681i(a)(2) requires a consumer reporting agency, within five days of receiving notice of a dispute, to provide notification of the dispute to any person who provided any item of information in dispute.

1     "For the purpose of a motion to dismiss, courts have held that a plaintiff states a claim

2 under § 1681i when [they] allege[]: (1) that [their] credit report contained an inaccuracy; (2) that

3 [they] notified the [credit reporting agency] of [their] dispute and requested a reinvestigation;

4 and (3) that the [credit reporting agency] did not remove the inaccuracy." *Hamm v. Equifax Info.*

5 *Servs. LLC*, 2018 WL 3548759, *4 (D. Ariz. 2018); *see also Neill v. Experian Info. Sols.*, Inc.,

6 2017 WL 3838671, *3 (D. Ariz. 2017) (finding that plaintiff pleaded sufficient facts to state

7 claim, even though their "allegations [were] not extensively detailed," because "from the

8 allegation that Plaintiff contacted Defendants but their reinvestigation results continued to state

9 that Plaintiff owed the Park Kiely debt, the Court can infer Defendants may not have reasonably

10 conducted the reinvestigations").  The Ninth Circuit has held that to state a claim against a

11 consumer reporting agency under § 1681i, a plaintiff must identity an actual inaccuracy in the

12 credit report.  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010).

13     As stated above, Plaintiff has sufficiently alleged that his Experian credit report contained

14 an inaccuracy.  (Dkt. No. 46 at 6.)  Plaintiff also alleged that he notified Experian of his dispute,

15 and that the inaccuracy remained after he contacted Experian.  (*Id.* at 5–6.)  As to the

16 § 1681(a)(2) claim, Plaintiff pled that Capital One did not receive notification from Experian.

17 Plaintiff does not plead that Equifax and Trans Union reported an inaccuracy in their credit

18 reports, nor that the inaccuracy remained after he contacted them.  Thus, Plaintiff's § 1681i(a)(1)

19 and (a)(2) claims against Equifax and Trans Union cannot move forward.

20     **III    CONCLUSION**

21     Accordingly, Plaintiff's motion to amend his complaint (Dkt. No. 46) is GRANTED in

22 part and DENIED in part.  The Court grants Plaintiff leave to file an amended complaint to add

23 Experian as a defendant and may file such amended complaint immediately.  If, however,

24

Plaintiff still seeks to add claims against Equifax and Trans Union, Plaintiff may file a proposed amended complaint to cure the deficiencies identified no later than **November 4, 2025**.

The Clerk shall calendar this event.

Dated this 21st day of October, 2025.

David G. Estudillo
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO. 46) - 5