UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK O. SILVER, | CASE NO. 3:25-cv-05175-DGE |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 58) |
| CAPITAL ONE, N.A. | |
| Defendant. | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a motion for leave to file a second amended complaint.  (Dkt. No. 58.)  Plaintiff requests to amend his complaint to add Richard D. Fairbank[1] and Experian Information Solutions, Inc. ("Experian") as additional defendants.  (*Id.*)  For the reasons addressed below, the Court GRANTS Plaintiff's motion for leave to amend.

---

[1] Plaintiff acknowledged in his reply brief that he will not pursue claims against Fairbank.  (Dkt. No. 65 at 2.)  Thus, the Court does not address Fairbank in its analysis.

ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 58) - 1

# I    BACKGROUND

Plaintiff alleges that on or around July 18, 2012, he opened a credit card account with Defendant Capital One, N.A. ("Capital One") and paid off the full balance of the account in November 2019. (*Id.* at 3.) Capital One's billing statements for that period did not reflect any payment and Capital One contends it had no record of Plaintiff paying the full balance of the account during or after that period. (*Id.*) Plaintiff alleges that Experian continued to report the Capital One account as charged off and past due on Plaintiff's credit report. (*Id.*) Plaintiff stated that on or about June 22, 2024, he "submitted a written dispute" to Experian regarding his Capital One account. (*Id.* at 4.) Plaintiff alleges Experian "acknowledged receipt of his dispute and initiated a reinvestigation of the Capital One tradeline." (*Id.*) Plaintiff cites to Capital One's attorney's declaration, which states that Capital One has no record of receiving these disputes from Experian. (*Id.*) Plaintiff alleges that after his June 22, 2024 dispute, Experian failed to conduct a reasonable reinvestigation or correct the inaccurate reporting. (*Id.* at 4, 6.) Plaintiff alleges that "if Experian transmitted his dispute to Capital One, Capital One failed to conduct a reasonable investigation" and failed to delete the inaccurate tradeline. (*Id.* at 4.)

Plaintiff alleges that Experian's December 24, 2025 disclosure reflects that the Capital One account "was 'previously in dispute – investigation complete, reported by data furnisher,'" which Plaintiff alleges "indicates that Experian treated the tradeline as disputed and that some form of reinvestigation or verification process was complete." (*Id.*) As of December 24, 2025, Experian is also reporting a collection account from National Credit System, Inc. which is materially impacting Plaintiff's credit score. (*Id.* at 5.)

ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 58) - 2

Plaintiff alleges two causes of action under the Fair Credit Report Act ("FCRA") against Experian: (1) violation of 15 U.S.C. § 1681e(b) and (2) violation of 15 U.S.C. § 1681i. (*Id.* at 8–9.)

## II    DISCUSSION

At the outset, the Court acknowledges that it has previously conducted a 28 U.S.C. § 1915 review of Plaintiff's claims against Experian and had granted Petitioner's motion for leave to amend his complaint to add Experian as a defendant. (Dkt. No. 48.)

On October 21, 2025, the Court granted in part and denied in part Plaintiff's motion for leave to file an amended complaint and ordered Plaintiff to file a complaint adding Experian as a defendant "immediately[.]" (*Id.* at 5.) The Court ordered that if Plaintiff still sought to add additional claims against other credit reporting agencies, he could cure certain deficiencies by November 4, 2025. (*Id.*) Plaintiff did not immediately file an amended complaint adding Experian as a defendant, nor did he file a proposed amended complaint against any other credit reporting agencies by November 4, 2025. On January 15, 2026, Plaintiff moved for leave to file a second amended complaint, once again requesting to add Experian as a defendant. The Court admonishes Plaintiff for disregarding the Court's previous order.

The Court notes that Plaintiff is within the deadline for amending pleadings (*see* Dkt. No. 55), and Capital One does not expressly oppose adding Experian as a defendant (*see* Dkt. No. 64). For these reasons, and because the Court has previously granted Plaintiff leave to add Experian (*see* Dkt. No. 48), the Court GRANTS Plaintiff' motion for leave to file a second amended complaint.

### III     CONCLUSION

Plaintiff's motion for leave to file a second amended complaint is GRANTED.  (Dkt. No. 58.)  Plaintiff SHALL file the second amended complaint to add Experian **only** no later than **February 6, 2026.**  Failure to file the second amended complaint by this deadline will result in Plaintiff's inability to assert claims against Experian in this lawsuit.

Dated this 30th day of January, 2026.

David G. Estudillo
United States District Judge

ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 58) - 4