UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FREDERICK O. SILVER,

                    Plaintiff,
        v.

CAPITAL ONE N.A., et al.,

                    Defendants.

CASE NO. 3:25-cv-05175-DGE

ORDER ON PLAINTIFF'S
MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT
(DKT. NO. 98)

Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), filed a motion for leave to file a third amended complaint.  (Dkt. No. 98.)  Plaintiff seeks to add Equifax Information Services LLC ("Equifax") and TransUnion LLC ("TransUnion") as additional defendants and "clarify" his existing Fair Credit Reporting Act ("FRCA") claims.  (*Id.*)  Defendant Capital One N.A ("Capital One") opposes the motion.  (Dkt. No. 101.)  For the reasons addressed below, the Court GRANTS Plaintiff's motion.

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (DKT. NO. 98) - 1

# I   BACKGROUND

## A.  Factual Background

Plaintiff alleges that on or around July 18, 2012, he opened a credit card account with Capital One ending in -4866, and paid off the full balance of the account in November 2019. (Dkt. No. 98-1 at 3.)  Capital One's billing statements for that period did not reflect any payment and Capital One contends it had no record of Plaintiff paying the full balance of the account. (*Id.*)  Plaintiff alleges that Defendant Experian Information Solutions, Inc. ("Experian"), Equifax, and TransUnion each reported the Capital One account as "a closed, charged-off account with a substantial balance and derogatory history."  (*Id.*)

Experian's consumer disclosure dated December 24, 2025 showed the Capital One account as "charged off. [$]10,042 written off.  [$]10,178 past due as of Dec 2025."  (*Id.*)  The disclosure included comments such as "Account closed at credit grantor's request" and "Account previously in dispute—investigation complete, reported by data furnisher."  (*Id.*)  Equifax's consumer disclosure dated April 2, 2026 similarly reported the -4866 Capital One account as a charged off account with a balance of $10,178 and included a notation "ACCOUNT CLOSED BY CREDIT GRANTOR."  (*Id.* at 3–4.)  On Plaintiff's "information and belief," TransUnion has also reported the Capital One 4866 account as a charged-off account with a significant balance and derogatory history during the same time period.  (*Id.* at 4.)

Plaintiff stated that on or about June 22, 2024, he "submitted a written dispute" to Experian "and other CRAs (including Equifax and TransUnion)" regarding his Capital One account.  (*Id.*)  Plaintiff alleges Experian "acknowledged receipt of his dispute and initiated a reinvestigation of the Capital One tradeline."  (*Id.*)  Plaintiff alleges Equifax and TransUnion "likewise received notice of his dispute(s) about the Capital One tradeline through their dispute

systems and/or through e-OSCAR ACDVs sent by Experian or other CRAs[.]" (*Id.*) Experian, Equifax, and TransUnion each processed Plaintiff's dispute using its "Online Dispute Center and e-OSCAR system" and failed to forward relevant information to Capital One. (*Id.* at 5.) On Plaintiff's information and belief, Capital One either received ACDV notice from "one or more CRAs about Plaintiff's dispute, but failed to conduct a reasonable investigation" or failed to properly receive or log the disputes and did not implement reasonable procedures to ensure that CRA dispute notices were investigated and retained. (*Id.*)

Plaintiff alleges that as of December 24, 2025 and April 2, 2026, Experian and Equifax were still reporting the Capital One account as a "charged-off account[,]" and TransUnion "likewise has continued similar reporting." (*Id.*) As a result of Defendants' "inaccurate and/or misleading reporting" Plaintiff alleges to have suffered credit denials, higher interest rates, loss of housing opportunities, and emotional distress. (*Id.* at 5–6.)

Plaintiff alleges two causes of action under the Fair Credit Report Act ("FCRA") against Equifax and TransUnion: (1) violation of 15 U.S.C. § 1681e(b) and (2) violation of 15 U.S.C. § 1681i. (*Id.* at 7–12.)

### B. Procedural Background

Plaintiff filed his initial complaint against Capital One on March 10, 2025. (Dkt. No. 5.) On June 18, 2025, the Court granted Capital One's motion to dismiss, and granted Plaintiff leave to amend to cure the identified deficiencies. (Dkt. No. 19.) Plaintiff filed his first amended complaint on June 21, 2025. (Dkt. No. 20.) In opposition to a motion for preliminary injunction, Capital One submitted a declaration attesting that Capital One had no record of receiving a dispute from Equifax, TransUnion, or Experian regarding the account at issue. (Dkt. No. 39.)

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (DKT. NO. 98) - 3

On October 1, 2025, Plaintiff filed a motion for leave to file a second amended complaint to add Equifax, TransUnion, and Experian as defendants.  (Dkt. No. 46.)  On October 21, 2025, the Court granted in part and denied in part Plaintiff's motion for leave to file an amended complaint, concluding that Plaintiff failed to state a claim against Equifax and TransUnion.  (Dkt. No. 48 at 5.)  The Court granted Plaintiff leave to file an amended complaint to add Experian as a defendant "immediately," and ordered that if Plaintiff still sought to add additional claims against Equifax and TransUnion, he could cure certain deficiencies by November 4, 2025.  (*Id.*)  Plaintiff did not file an amended complaint adding Experian as a defendant nor did he file a proposed amended complaint against any other credit reporting agencies by November 4, 2025.

On January 15, 2026, Plaintiff moved for leave to file a second amended complaint to add Experian and Capital One's CEO as defendants.  (Dkt. No. 58.)  The Court admonished Plaintiff for disregarding the Court's previous order but permitted Plaintiff to file an amended complaint that added only Experian as a defendant.  (Dkt. No. 66.)  Plaintiff filed his second amended complaint on February 6, 2026, adding Experian as a defendant.  (Dkt. No. 67.)

On April 3, 2026, Plaintiff moved for leave to file a third amended complaint, once again requesting to add Equifax and TransUnion as defendants.  Under the Court's scheduling order, the deadline to amend pleading was January 28, 2026.  (Dkt. No. 55 at 1.)

## II    DISCUSSION

### A.  Rule 16

Because Plaintiff's motion for leave to file his third amended complaint was filed after the January 28, 2026 deadline, he must satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard.  Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (DKT. NO. 98) - 4

policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Leave to amend is appropriate only if the amended pleading deadline could not be met despite the diligence of the moving party.  *Id.*  The Court's inquiry thus focuses on the moving party's reasons for seeking a modification and, "[i]f that party was not diligent, the inquiry should end."  *Id.*; *accord Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

In assessing diligence, the Court may consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990).  When that is the case, the Court may deny leave to amend.  *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000). The Court may likewise deny leave to amend if the moving party knew of the facts and theories at issue sufficiently in advance of the deadline to timely assert them.  *See, e.g.*, *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (denying leave to amend where plaintiff's motion "came several months after the stipulated deadline for amending or supplementing the complaint" and "[n]othing in the proposed amended complaint relied on facts that were unavailable before the stipulated deadline").

Plaintiff filed his motion for leave to file a third amended complaint on April 3, 2026, over two months after the Court's January 28, 2026 deadline for amendment of pleadings. Moreover, Plaintiff's motion did not request that the Court modify its scheduling order, nor discuss whether he has demonstrated good cause justifying the amendment pursuant to Rule 16(b).  (*See* Dkt. No. 98.)  Rather, Plaintiff solely moved to amend his complaint pursuant to

Rule 15(a)(2).  Only in his reply does Plaintiff argue that he has good cause for the proposed amendment.  (*See* Dkt. No. 103.)

Nevertheless, though Capital One argues Plaintiff could have requested his credit reports from Equifax and TransUnion and submitted a proposed amended complaint by the November 4, 2026 deadline, (Dkt. No. 101 at 6), the fact of the matter is Plaintiff did not receive his credit reports showing any alleged inaccuracy until April 2, 2026. (Dkt. No 98 at 2.)  Plaintiff filed his motion for leave to amend the very next day.  (*See id*.)  The Court will not comment on what Plaintiff *could* have done to obtain the credit report, but notes that Plaintiff acted on the information once it became available to him.

**B.  Rule 15**

Having found Plaintiff has met the standard under Rule 16(b), the Court turns to the requirements of Rule 15.  Rule 15(a)(2) directs district courts "freely give leave when justice so requires."  As the language of the rule suggests, the standard for leave to amend is "very liberal." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).  This is because "the underlying purpose of Rule 15 [is] to facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up).

A district court should deny leave to amend "only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment[.]" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (cleaned up).  Evaluation of these factors "should be performed with all inferences in favor of granting the motion [to amend]." *Griggs v.*

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (DKT. NO. 98) - 6

*Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). However, the amendment factors are not entitled to equal weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). The Ninth Circuit has repeatedly emphasized that prejudice "carries the greatest weight" and is "the touchstone of the inquiry under [R]ule 15(a)." *Id.* (internal quotation marks omitted); *see also, e.g., Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). Indeed, there is a presumption in favor of amendment absent prejudice or a "strong showing" under the remaining four factors. *Eminence Cap.*, 316 F.3d at 1052. The party opposing amendment bears the burden of showing that amendment is not warranted. *Hedglin v. Swift Transp. Co. of Ariz.*, No. C16-5127-BHS, 2016 WL 8738685, at *1 (W.D. Wash. Nov. 15, 2016).

Capital One argues Plaintiff's request is "a product of undue delay," and his failure to move timely "suggests that his request is made in bad faith and with a dilatory motive." (Dkt. No. 101 at 7.) "A strong presumption against a finding of undue delay exists when a case is still in discovery." *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14-cv-0772-GMN-NJK, 2015 WL 316900, at *3 (D. Nev. Jan. 23, 2015). Moreover, it is well-settled within the Ninth Circuit that any undue delay in seeking amendment is not, in itself, sufficient grounds to deny leave to amend. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712–713 (9th Cir. 2001); *Loehr v. Ventura Cnty. Cmty. College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *Hurn v. Ret. Fund Trust of the Plumbing, Heating, and Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981); *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973). While the Court understands Capital One's frustrations with Plaintiff's failure to abide by the Court's previous

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (DKT. NO. 98) - 7

rulings, to the extent Capital One argues Plaintiff's request is made in bad faith, the Court is not persuaded by that argument.

### III    CONCLUSION

Accordingly, Plaintiff's motion for leave to amend his complaint (Dkt. No. 98) is GRANTED.  Plaintiff SHALL file his third amended complaint adding Equifax and TransUnion as defendants **no later than May 6, 2026** and immediately takes steps to serve the new defendants.  Should Plaintiff fail to file his third amended complaint by May 6, 2026, he will not be allowed to add Equifax and TransUnion as defendants.

The Court further cautions Plaintiff that it will not entertain future motions for leave to amend absent a *strong* showing of good cause under Rule 16 and absent any factors justifying denial under Rule 15.

Dated this 29th day of April, 2026.

David G. Estudillo
United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (DKT. NO. 98) - 8