UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK O. SILVER, | CASE NO. 3:25-cv-05175-DGE |
| Plaintiff, | MINUTE ORDER |
| v. | |
| CAPITAL ONE, N.A., et al., | |
| Defendants. | |

The following Minute Order is made by direction of the Court, United States District Judge David G. Estudillo:

The Court previously granted in part Defendant Experian Information Solutions, Inc's motion to enforce a settlement agreement, and ordered the Parties to provide a status report regarding the finalization of the settlement agreement.  (Dkt. No. 117.)  On June 17, 2026, Plaintiff filed a unilateral status report (Dkt. No. 129), which the Court struck in a minute order (Dkt. No. 130).  In the same minute order, the Court ordered the Parties to confer and prepare a joint status report regarding finalization of the settlement agreement.  (*Id.*)

MINUTE ORDER - 1

Now before the Court is "Plaintiff's Objection to Minute Order (Dkt. No. 130) and Request for Clarification from the Court." (Dkt. No. 131.)  Plaintiff objects to the Court's previous minute order because (1) "the Minute Order was not issued and signed by the Honorable David G. Estudillo himself but was entered by a clerk or staff member;" (2) the Court's May 18, 2026 order did not explicitly require a joint status report; and (3) Experian has been granted a nine-day extension, essentially rewarding it for "thirty days of non-compliance." (*Id.* at 1–2.)

The previous minute order states (as it does in this Order) that it was "***made by direction of the Court***, United States District Judge David G. Estudillo" and was "***authorized by*** THE HONORABLE DAVID G. ESTUDILLO, UNITED STATES DISTRICT JUDGE." (Dkt. No. 130) (emphasis added).  While the previous order does not contain the Court's signature, it nonetheless was authorized by the Court.  Plaintiff's argument has no basis.  Therefore, the Court STRIKES Plaintiff's objections (Dkt. No. 131) as they were not authorized by the Court.

The Court takes the time to clarify (although the Court believes no clarification is necessary) that the Parties are to file a **joint** status report as to finalization of the settlement agreement no **later than June 26, 2026**.  The Parties are directed to pick up a phone and speak with each other to discuss and finalize the language of the settlement agreement.  It does not matter who initiates the phone call; once initiated, the other side must timely return the phone call.  The joint status report shall inform the Court that the parties have finalized and signed the revised settlement agreement *or* inform the Court what issues remain outstanding and why such issues cannot be resolved between the Parties themselves.[1]

---

[1] There is little doubt that the Court and the Parties are frustrated as well as perplexed as to why the Parties cannot seem to finalize the agreement reached on March 25, 2026.  There should be

MINUTE ORDER - 2

The Clerk is directed to calendar this deadline.

Dated this 18th day of June, 2026.

The foregoing Minute Order authorized by THE HONORABLE DAVID G. ESTUDILLO, UNITED STATES DISTRICT JUDGE.

---

no reason why a settlement agreement cannot be finalized as the terms of the settlement were plainly laid out in the emails exchanged on March 25, 2026.  Although Plaintiff views this new Order as rewarding defense counsel for not complying with the Court's May 18, 2026 Order, it appears the Parties have not spoken by telephone and that such communication will facilitate the finalization of the settlement agreement.

MINUTE ORDER - 3