UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>Plaintiff,<br>v.<br><br>CAPITAL ONE, N.A., et al.,<br><br>Defendants. | CASE NO. 3:25-cv-05175-DGE<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUBMIT SUPPLEMENTAL EVIDENCE (DKT. NO. 191) |

Before the Court is Plaintiff's motion (Dkt. No. 191) to submit supplemental evidence—three Experian dispute result letters discussing the removal of certain accounts from Plaintiff's Experian credit report. The Court construes Plaintiff's motion as a motion to reconsider, as Plaintiff seeks to use the supplemental evidence to alter the Court's July 31 Order (*see* Dkt. No. 189).

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through

reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

Plaintiff's motion stems from the purported settlement agreement between Plaintiff and Experian, which the Court assumes the Parties' familiarity with. (*See* Dkt. Nos. 99, 117, 133, 136, 143,146, 165.) On July 31, 2026, the Court ruled there was not a meeting of the minds between Plaintiff and Experian regarding the definition of "permanently delete," and therefore no enforceable settlement agreement. (Dkt. No. 189.) In the present motion, Plaintiff argues his supplemental evidence "directly contradicts Experian's representation to this Court that 'permanent deletion' was impossible," as Experian's "own system uses the word 'Deleted'[.]" (Dkt. No. 191 at 2.)

However, Plaintiff's motion merely underscores the Court's finding that there was no meeting of the minds. Although the dispute result letters use the word "deleted" in reference to removing items from a credit report (*See id.* at 9–14), this does not mean Plaintiff's definition of "delete" matches the definition used by Experian, or that Experian's explanation that they cannot permanently delete a tradeline is thereby false. Furthermore, Plaintiff has not shown that the Court committed a manifest error in determining there was no meeting of the minds. Plaintiff

may *prefer* that his definition of "delete" corresponds with Experian's use of "delete"—but a motion for reconsideration "should not be used to ask a court to rethink what the court has already thought through—rightly or wrongly." *Gaskill v. Travelers Ins. Co.*, Case No. 3:11-cv-05847-RJB (W.D. Wash. Mar. 28, 2012), 2012 WL 13026638, at *1 (citing *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)).

Accordingly, while Plaintiff disagrees with the Court's July 31 ruling, Plaintiff has not identified a manifest error in the Court's analysis that would meet the high bar of Local Civil Rule 7(h)(1). *See id.* ("Mere disagreement with a previous order is an insufficient basis for reconsideration[.]"). Plaintiff's motion for reconsideration (Dkt. No. 191) is therefore DENIED.

Dated this 7th day of August, 2026.



David G. Estudillo
United States District Judge