UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>Plaintiff,<br>v.<br><br>CAPITAL ONE, N.A., et al.,<br><br>Defendants. | CASE NO. 3:25-cv-05175-DGE<br><br>ORDER ON JOINT MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. NO. 144) |

Presently before the Court is Defendants' Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC (collectively the "CRAs") motion for judgment on the pleadings. (Dkt. No. 144.) Plaintiff opposes the motion. (Dkt. No. 148.) For the following reasons, the Court GRANTS the motion.

## I BACKGROUND

The Court incorporates the background facts in Dkt. No. 108 for the sake of judicial economy. In his third amended complaint, Plaintiff alleges that he opened a credit card account with Defendant Capital One, N.A. in July 2012 and paid off the full balance of the account in

November 2019 "with the expectation that the Account would no longer be reported as charged off and with a large past-due balance." (Dkt. No. 109 at 3.) Capital One's billing statements did not reflect any payment during that period, and Capital One contends it has no record of Plaintiff paying the full balance of the account. (*Id.*) Despite Plaintiff's position that he paid the account in full, the CRAs "have each reported the Capital One tradeline as a closed, charged-off account with a substantial balance and derogatory history." (*Id.*)

Plaintiff alleges two causes of actions under the Fair Credit Report Act ("FCRA") against the CRAs: (1) violation of 15 U.S.C. § 1681e(b) (requiring CRAs to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" whenever the CRA prepares a consumer report) and (2) violation of 15 U.S.C. § 1681i (outlining the procedures for CRAs "in case of disputed accuracy"). (*Id.* at 8–12.)

On June 29, 2026, the CRAs moved for judgment on the pleadings. (Dkt. No. 144.) They argue Plaintiff's FRCA claims are barred by a two-year statute of limitations. (*Id.* at 5–6.) Alternatively, the CRAs contend Plaintiff's FRCA claims fail because Plaintiff does not plead inaccurate reporting and instead explicitly admits that the payment at issue was either never made or received by Capital One. (*Id.* at 7–10.) The CRAs further argue that because Plaintiff's inaccuracy claim fails, so too does his willfulness claim. (*Id.* at 11.) In response, Plaintiff argues he has submitted written disputes to each of the CRAs in June 2024 and each quarter thereafter, each of which constitutes an independent FCRA violation. (Dkt. No. 148 at 5.) Plaintiff further contends the CRAs misinterpret his inaccuracy claim. (*Id.* at 7.) According to Plaintiff, the CRAs represented that the disputed information was "verified and accurate" "when in fact no

verification was performed." (*Id.*) The CRAs filed a reply on July 7, 2026. (Dkt. No. 157.) The matter is now ripe for review.

## II LEGAL STANDARD

The CRAs move for judgment on the pleadings on Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(c). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6)." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Brooks v. Dunlop Mfg. Inc.,* Case No. C 10–04341-CRB, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011). "Judgment on the pleadings is proper when, taking all the [factual] allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Honey v. Distelrath*, 195 F.3d 531, 532 (9th Cir. 1999). This includes cases where there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).'" As with Rule 12(b)(6) claims, the Court may not look beyond the pleadings to resolve a Rule 12(c) motion without converting the motion into one for summary judgment.[1] *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

## III DISCUSSION

"[T]o sustain either a § 1681e or a § 1681i claim, a consumer must first make a prima facie showing of inaccurate reporting by the CRA." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (internal quotations omitted); *see also Ghuyumjyan v. Bank of Am.,*

---

[1] On July 9, 2026, Plaintiff filed a notice of supplemental authority and attached three exhibits—two complaints submitted to the Consumer Financial Protection Bureau and an Equifax dispute letter. (Dkt. No. 159 at 7–20.) However, district courts may only consider documents attached to the complaint, incorporated by reference in the complaint, or documents that can be judicially noticed. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Plaintiff's exhibits do not fall within either of these three categories. Thus, the Court cannot consider the exhibits attached to Plaintiff's July 9 notice.

*N.A.*, Case No. 2:24-cv-10749-MEMF-BFM, 2025 WL 1754625, at *2 (C.D. Cal. June 24, 2025). "The inaccuracy requirement comports with the purpose of the FCRA, which is to protect consumers from the transmission of inaccurate information about them." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (internal quotations and citations omitted). Information is inaccurate "where it either is 'patently incorrect' or is 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Shaw*, 891 F.3d at 756 (internal citation omitted); *see also Sanchez v. JPMorgan Chase Bank NA*, 643 F. Supp. 3d 1025, 1033 (D. Ariz. 2022) (internal citation omitted) (information is only materially misleading when it is "open to an interpretation that is directly contradictory to the true information"). However, the FCRA is not a strict liability statute, *see Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995), and a CRA is required only to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" § 1681e(b).

The Court determines Plaintiff has failed to make a prima facie showing of inaccurate reporting. *Ghuyumjyan*, 2025 WL 1754625, at *2. Plaintiff concedes that Capital One's *own* billing records do not show Plaintiff paid the full balance of his account in November 2019. (Dkt. No. 109 at 3). Nevertheless, Plaintiff argues the CRAs failed to "independently evaluate the accuracy and completeness of the tradeline in light of Plaintiff's dispute" and "simply accept[ed] Capital One's response." (*Id.* at 8.)

The Ninth Circuit agrees that "reinvestigation claims" under the FCRA are "not the proper vehicle for collaterally attacking the validity of consumer debts," because a credit reporting agency "is a third party, lacking any direct relationship with the consumer." *Carvalho*, 629 F.3d at 892. Therefore, a consumer disputing the *validity* of a debt should first attempt to

resolve the issue with the creditor or furnisher. *Id.* . Plaintiff does not argue there is a discrepancy between Capital One's billing records and the balance the CRAs reported. Instead, Plaintiff contends the CRAs failed to reinvestigate his dispute and correct or delete the tradeline. (*See* Dkt. No. 103 at 8–12.) But Plaintiff is not excused from making a prima facie showing of inaccurate reporting by the CRA. *Shaw*, 891 F.3d at 756.

The "fundamental flaw" in Plaintiff's conception of the reinvestigation duty, as the Ninth Circuit puts it, is that the CRAs are not "tribunals"; they "simply collect and report information furnished by others" and are "ill equipped to adjudicate contract disputes." *Carvalho*, 629 F.3d at 891. The basis for Plaintiff's FCRA violation claim appears to be a challenge to the validity of the original debt between Plaintiff and Capital One. On the face of the complaint, Plaintiff does not allege that the CRAs engaged in inaccurate or misleading reporting as to the Capital One tradeline. (*See id.* at 8–12.) His insistence in his opposition brief that the CRAs had an independent duty to reinvestigate the tradeline "[e]ven if Capital One's records accurately show no payment" does not change the fact that Plaintiff has failed to plead sufficient facts *that there is an inaccuracy in the CRAs' reporting to begin with*. (Dkt. No. 148 at 9.) Construing all facts in the complaint as true, the CRAs are entitled to judgment as a matter of law.[2] *See Honey*, 195 F.3d at 532.

In his responsive brief, Plaintiff switches positions, and argues that his inaccuracy claim does not stem from Capital One's records, but instead stems from the CRAs' credit reports

---

[2] "Only once it is determined that a piece of information reported is patently incorrect or materially misleading can a court move on to the next step of determining whether the investigation conducted . . . was reasonable." *Sanchez*, 643 F. Supp. 3d at 1034 (citing *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022)). Because Plaintiff failed to show that the CRAs' reporting was either, the Court declines to address the question of whether the CRAs' investigations were reasonable.

indicating they verified the disputed information "when in fact no verification was performed." (Dkt. No. 148 at 7.) However, Plaintiff alleges no facts that explain how the CRAs' reporting is inaccurate or misleading "in such a way and to such an extent that it can be expected to adversely affect *credit decisions*." *Ghuyumjyan*, 2025 WL 1754625, at *2 (citation omitted) (emphasis added). His third amended complaint does not allege that he does not owe the debt or why this specific information is patently false. *See Franklin v. Trans Union, LLC*, Case No. 5:19-cv-00888 -SHK, 2019 WL 6871254, at *3 (C.D. Cal. Oct. 8, 2019) (holding that the reporting of historical monthly payment terms on a closed or charged off account with no balance "does not imply [the plaintiff] has an ongoing obligation to make monthly payments on the account," and is therefore not inaccurate); *Torres v. Bank of Am.*, Case No. 2:17-cv-04772 CBM-PLA, 2017 WL 10574231, at *3 (C.D. Cal. Oct. 12, 2017) (finding that a plaintiff failed to state a claim for inaccurate reporting when he did not allege whether the plaintiff owed the debt, owed the debt and paid it off, or any other reason the CRA's reporting was inaccurate or misleading). An "inconsistent report is not necessarily an inaccurate or misleading report," *Oki v. Trans Union LLC*, Case No. 25-cv-08070-HSG, 2025 WL 3719288, at *3 (N.D. Cal. Dec. 23, 2025), and without further factual development, the Court will not speculate as to whether this alleged contradiction is indeed inaccurate or misleading.[3]

---

[3] The CRAs also argue that Plaintiff's claims are barred by the statute of limitations. (Dkt. No. 144 at 5.) A claim under the FRCA must be brought "not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. "The date on which liability arises depends on which provision allegedly was violated. Under 15 U.S.C. § 1681e(b), liability arises when the consumer reporting agency issues an inaccurate consumer report. Under 15 U.S.C. § 1681i, liability arises when the consumer reporting agency allegedly violates its duty under the FCRA to reinvestigate." *Acton v. Bank One Corp.*, 293 F. Supp. 2d 1092, 1097 (D. Ariz. 2003) (internal citation and quotation omitted); *see also Bjornson v. Equifax Info. Servs.*, LLC, Case No. 23-35421, 2024 WL 4553804

District courts have discretion to grant motions under Rule 12(c) with leave to amend. *Brooks v. Tapestry, Inc.*, No. 2:21-cv-00156-DAD-JDP, 2022 WL 21872531, at *1 (E.D. Cal. Oct. 31, 2022) (collecting cases). However, the Ninth Circuit has instructed that while district courts should generally grant leave to amend, a district court does not have to do so if it determines the pleadings could not possibly be cured by the allegation of other facts. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (holding that a district court does not err in denying leave to amend if amendment would be futile). Because Plaintiff admits Capital One's own billing records do not reflect Plaintiff paid the disputed account, the Court has rejected the argument that the CRAs reported inaccurately, which leads to the conclusion that any amendment would be futile. Furthermore, leave to amend would cause an undue delay in the litigation, as the discovery and dispositive motion deadlines have passed, and the trial date is rapidly approaching. (*See* Dkt. No. 55.)

---

(9th Cir. 2024) (affirming the district court's dismissal of FCRA claim as barred by applicable statute of limitations in § 1681p).

Because the Court concludes Plaintiff fails to make a prima facie showing of inaccurate reporting, the Court need not reach the statute of limitations argument. However, the Court notes there is a circuit split as to whether each separate notice of dispute triggers a duty to investigate, even if the information has bene disputed previously. *See Vasquez v. Bank of Am., N.A.*, Case No. 15-cv-04072-RS, 2015 WL 7075628, at *3 (N.D. Cal. Nov. 13, 2015) (collecting cases); *see also Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1044 (9th Cir. 2023).

## IV CONCLUSION

Accordingly, the CRAs' motion for judgment on the pleadings (Dkt. No. 144) is GRANTED without leave to amend. Defendants Experian Information Solutions, Inc., Equifax Information Services LLC, and Trans Union LLC are DISMISSED from this matter. Therefore, the Court DENIES AS MOOT Dkt. Nos. 145, 154, 170 and 184.

Dated this 13th day of August, 2026.

David G. Estudillo
United States District Judge