UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>Plaintiff,<br>v.<br><br>CAPITAL ONE, N.A.,<br><br>Defendant. | CASE NO. 3:25-cv-05175-DGE<br><br>ORDER GRANTING CAPITAL ONE, N.A.'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 193) |

Presently before the Court is Defendant Capital One, N.A.'s ("Capital One") motion for summary judgment. (Dkt. No. 193.) Plaintiff opposes the motion. (Dkt. Nos. 197, 203, 208-1, 209.) For the following reasons, the Court GRANTS the motion.

## I BACKGROUND

Plaintiff alleges that on or around July 18, 2012, Plaintiff opened a credit card account with Capital One, a furnisher of credit information for purposes of the Fair Credit Reporting Act ("FCRA"). (Dkt. No. 109 at 3.) Plaintiff alleges he paid the full balance of the account in November 2019, "with the expectation that the Account would no longer be reported as charged

off or with a large past-due balance." (*Id.*) Capitol One's records do not reflect any payment made on the account during that period and Capitol One contends it has no record of Plaintiff paying the full balance on the account. (*Id.*) Despite this, Plaintiff asserts he paid the account in full, and Experian, Equifax, and TransUnion (collectively the "CRAs") "reported the Capital One tradeline as a closed, charged-off account with a substantial balance and derogatory history." (*Id.*)

Plaintiff claims he submitted written disputes concerning the Capital One tradeline to the CRAs on or about June 22, 2024, asserting that the account had been paid. (*Id.* at 4.) He further alleges on information and belief "Capital One either (a) received ACDV[1] notice(s) from one or more CRAs about Plaintiff's dispute, but failed to conduct a reasonable investigation . . . or (b) failed to properly receive or log the disputes and did not implement reasonable procedures to ensure that CRA dispute notices were investigated and retained."[2] (*Id.* at 5.)

Plaintiff alleges one cause of action under the FCRA against Capital One: violation of 15 U.S.C. § 1681s-2(b) (requiring a furnisher of credit information to investigate disputes upon notice of a dispute from a CRA). (*Id.* at 7.)

On August 10, 2026, Capital One filed a motion for summary judgment. (Dkt. No. 193.) Capital One argues "there is no record of Capital One receiving a dispute from Equifax, Experian, or TransUnion at any time in 2024" or "in the time period in 2025 prior to Plaintiff's filing of this action." (Dkt. No. 193 at 3–4.)

---

[1] The complaint does not identify the meaning of the acronym "ACDV." For purposes of its analysis, the Court presumes ACDV stands for "automated consumer dispute verification."

[2] Plaintiff alleged "Equifax and TransUnion similarly processed his disputes using automated systems and generic dispute codes, failed to forward all relevant information and documentation he provided to Capital One, and simply accepted Capital One's response (if any)." (Dkt. No. 109 at 5.)

On August 11, 2026, Plaintiff filed a response opposing Capital One's motion. (Dkt. No. 197.) On August 18, 2026, Plaintiff filed a motion for leave to file an amended opposition to Capital One's motion. (Dkt. Nos. 202, 203.) On August 21, 2026, Plaintiff filed a motion for leave to file a supplemental response to Capital One's motion for summary judgment, which included the Plaintiff's own declaration in support of his response to the motion. (Dkt. Nos. 208, 208-1, 208-2.) On August 24, 2026, Plaintiff filed a motion for leave to file a corrected supplemental declaration due to inaccuracies made in his prior declaration. (Dkt. Nos. 209, 209-1.)

In response to Capital One's motion, Plaintiff states that he does not dispute Capital One received no ACDV's during calendar year 2024 or in 2025 prior to the filing of his initial complaint. (Dkt. No. 203 at 1–2.) However, he states the declarations Capital One files in support of its motion says nothing about the time period after the date the initial complaint was filed on March 10, 2025. (*Id.* at 2–4.) The Plaintiff also attacks Capital One's declarations used in support of its motion for several reasons and seeks to strike the declarations, in whole or in part. (Dkt. No. 203 at 9–11; 208 at 2; 208-1.) Capital One filed a reply on September 8, 2026. (Dkt. No. 210.) For purposes of consideration of this motion, the Court GRANTS Plaintiff's motion for leave to file an amended opposition (Dkt. No. 202) and GRANTS Plaintiff's motion for leave to file a supplemental response (Dkt. No. 208).[3]

## II LEGAL STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is

[3] The Court has reviewed the corrected declaration of the Plaintiff. (Dkt. No. 209-1.)

entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—in most civil cases, a preponderance of the evidence. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 631, n.3. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630–31. However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also White v. McDonnell-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative

evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. Inc.*, 809 F. 2d at 630 (9th Cir. 1987).

## III DISCUSSION

### A. Legal Standard Governing Plaintiff's FCRA Claim

The FCRA imposes certain duties on entities that furnish information to consumer reporting agencies. *See* 15 U.S.C. § 1681s-2. The statute distinguished between the duties imposed under subsection (a), which generally requires furnishers to provide accurate information, and subsection (b), which imposes duties on furnishers after receiving notice of a dispute from a CRA.

Importantly, Congress did not create a private right of action for violations of § 1681s-2(a). Rather, a consumer's private right of action against a furnisher is limited to violations of § 1681s-2(b). *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009); 15 § 1681s-2(c), (d).

Under § 1681s-2(b), a furnisher's statutory duties are triggered only after the furnisher receives notice of a dispute from a CRA pursuant to 15 U.S.C. § 1681i(a)(2). Once the furnisher receives such notice, it must conduct an investigation, review the relevant information provided by the CRA, report its findings to the CRA, and take appropriate corrective action if the information is found to be inaccurate or incomplete. 15 U.S.C. § 1681s-2(b)(1)(A)-(E).

The Ninth Circuit expressly held these duties arise only after the furnisher receives notice of a dispute from a CRA. Notice received directly from the consumer does not trigger the duties imposed by § 1681s-2(b). *Gorman*, 584 F.3d at 1154; *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059–60 (9th Cir. 2002).

Additionally, to establish a claim based on inaccurate credit reporting, a plaintiff must make a prima facie showing that the information furnished was inaccurate. *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022); *Shaw v. Experian Info. Solutions, Inc.*, 891 F.3d 749, 756 (9th Cir. 2018). Without evidence of an underlying inaccuracy, the reasonableness of the furnisher's investigation is not at issue. *Gross*, 33 F.4th at 1251.

Accordingly, Plaintiff must present evidence establishing both an actionable inaccuracy and that Capital One received notice of the dispute from a CRA, thereby triggering its obligations under § 1681s-2(b).

**B. Plaintiff's Concession That Capital One Did Not Receive Notice of His Dispute Is Fatal to His § 1681s-2(b) Claim.**

Plaintiff's FCRA fails because he concedes Capital One did not receive notice of his dispute from any CRA before he filed this action. (Dkt. No. 203 at 1–4.) This concession is dispositive of the claim as pleaded.

Plaintiff's Third Amended Complaint ("Complaint") specifically alleges that he submitted written disputes concerning the Capital One tradeline to the CRAs on or about June 22, 2024. (Dkt. No. 109 at 4.) Those allegations identify the disputes upon which Plaintiff bases his FCRA claim.

Although Plaintiff's Complaint states, "[o]n information and belief, Experian, Equifax, and/or TransUnion provided Capital One with notice of Plaintiff's disputes regarding the Account," Plaintiff now concedes Capital One had not received notice of his dispute before the commencement of this litigation. (*Id.* at 7.) This concession is fatal to the claim asserted in his Complaint against Capital One. As the Ninth Circuit explained in *Gorman*, a furnisher's obligations under § 1681s-2(b) do not arise merely because a consumer submits a dispute

directly to the furnisher or initiates a dispute with a CRA. The furnisher must actually receive notice of the dispute from the CRA. 584 F.3d at 1154.

Plaintiff now attempts to preserve his claim by arguing Capital One has not addressed whether it received notice of any dispute after the filing of his initial complaint on March 10, 2025. This argument, however, does not create a genuine dispute of material fact concerning the claim Plaintiff actually pleaded.

The Complaint identifies the June 22, 2024, dispute as the factual basis for Plaintiff's FCRA claim. It does not allege Capital One received notice of a dispute based on subsequent reinvestigations by the CRAs post the filing of the initial complaint and failed to conduct an investigation under § 1681s-2(b). Plaintiff cannot expand the scope of his pleaded claim by raising these arguments now. Plaintiff has not supplemented his Complaint pursuant to Federal Rule of Civil Procedure 15(d) to assert any claims against Capital One based on subsequent reinvestigations by the CRAs.

More importantly, Plaintiff has not identified evidence establishing that the CRAs actually notified Capital One of Plaintiff's dispute at any time, including after the commencement of this action. His argument that the CRAs conducted a reinvestigation, which "ordinarily requires the agency to notify the furnisher of the dispute under § 1681i(a)(2)," is not evidence that such notification occurred. Nor does it establish the failure to perform any duty imposed by § 1681s-2(b).

Without notice from a CRA, Capital One had no duty under § 1681s-2(b) to investigate the dispute. *Gorman*, 584 F.3d at 1154. Plaintiff's own concession establishes the condition necessary to trigger those statutory duties had not occurred before this lawsuit was filed.

Plaintiff cannot avoid summary judgment by speculating that some subsequent event may have triggered duties that are neither alleged in the Complaint nor supported by evidence in the record.

Accordingly, because Plaintiff cannot establish that Capital One received the requisite CRA notice giving rise to its obligations under § 1681s-2(b), he cannot establish an essential element of his FCRA claim. Therefore, Defendant's motion for summary judgment is GRANTED.

**C. Even Assuming the Notice Requirement Were Satisfied, Plaintiff Failed to Establish Capital One Furnished Inaccurate Information.**

Even if Plaintiff could establish Capital One received notice of his dispute from a CRA, his FCRA claim independently fails because he has not produced sufficient evidence the information furnished by Capital One was inaccurate.

A Plaintiff asserting a claim under § 1681s-2(b) must first make a prima facie showing of inaccuracy. *Gross*, 33 F.4th at 1251. The Ninth Circuit has explained this requirement is necessary because, absent an underlying inaccuracy, there is no basis to evaluate whether a furnisher's investigation was reasonable. *Id.* Thus, Plaintiff must do more than merely disagree with the information appearing on his credit report; he must produce evidence demonstrating the information furnished by Capital One was actually inaccurate.

Here, Plaintiff's theory of inaccuracy rests on his assertion that he paid off the underlying debt, and, therefore, Capital One inaccurately reported an outstanding balance. However, Plaintiff has failed to produce any documentary or other competent evidence establishing the debt was paid. He has not provided a payment confirmation, bank statement, cancelled check, transaction receipt, or any other evidence to demonstrate payment of the balance or that the reported balance was incorrect.

Instead, Plaintiff relies on his own assertions that he attempted to pay the debt. Specifically, in Plaintiff's response to Capital One's Interrogatories, Plaintiff stated he contacted Capital One's call center and attempted to make a payment, but the transaction did not go through. (Dkt. No. 195 at 20.) This at most establishes that he intended or attempted to satisfy the debt. It does not establish he actually did so. Without evidence showing the payment was successfully processed or that the debt was otherwise extinguished, Plaintiff cannot demonstrate Capital One inaccurately reported the outstanding balance.

Nor can Plaintiff create a genuine issue of material fact through conclusory assertions unsupported by specific facts or evidence. Although Plaintiff's testimony is not automatically insufficient merely because it is self-serving, the Ninth Circuit recognizes that a conclusory, self-serving declaration that lacks detailed facts and supporting evidence may be insufficient to defeat summary judgment. *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497–98 (9th Cir. 2015); *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997). Plaintiff cannot rely on his subjective belief that the debt was satisfied as a substitute for evidence the payment was actually made. Therefore, Plaintiff fails to establish Capital One furnished inaccurate information to the CRAs, an essential component of his § 1681s-2(b) claim.

## IV CONCLUSION

Accordingly, the Court GRANTS Plaintiff's motion for leave to file an amended opposition (Dkt. No. 202) and GRANTS Plaintiff's motion for leave to file a supplemental response (Dkt. No. 208).[4] Having considered the Capital One's motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that the Capital One's motion for summary judgment (Dkt. No. 193) is GRANTED.[5]

This case is DISMISSED, and the Clerk is directed to close this matter; all remaining dates in the scheduling order (Dkt. No. 55) are stricken.

Dated this 3rd day of November, 2026.



David G. Estudillo
United States District Judge

---

[4] Plaintiff's requests to strike, or alternatively to strike portions of, the Declarations of Kara Dawson and Jesús Miguel Palomares (Dkt. Nos. 194, 195) submitted in support of Capital One's motion for summary judgment are DENIED AS MOOT. (Dkt. Nos. 203 at 9–11; 208 at 2; 208-1.) The Court's decision does not rest on the challenged declarations.

[5] Because the Court grants Capital One's motion for summary judgment, Capital One's motions in limine (Dkt. No. 212) are DENIED AS MOOT.